THE STATE OF OHIO, APPELLEE, *v.* ROBERTS, APPELLANT.

[Cite as *State v. Roberts,* 119 Ohio St.3d 294, 2008-Ohio-3835.]

(No. 2007–1475—Submitted May 20, 2008—Decided August 6, 2008.)

LUNDBERG STRATTON, J.

## I. Introduction

{¶ 1} We must determine whether a defendant's reincarceration after his release from prison violates the Double Jeopardy Clause. Under the facts of this case, we hold that the defendant had no legitimate expectation of finality when his sentence was modified on appeal to two years from eight years and the two-year sentence was stayed pending appeal to this court. Therefore, his resentencing and reincarceration did not violate the Double Jeopardy Clause. Accordingly, we affirm the judgment of the court of appeals.

## II. Facts

{¶ 2} A jury convicted appellant, Danny Roberts, of five counts of gross sexual imposition. On August 12, 2004, the court sentenced Roberts to four years in prison for each count. Two counts were to be served consecutively to each other, and the other sentences were to be served concurrently to the remaining sentences, for a total sentence of eight years of incarceration. The trial court justified the sentence by finding pursuant to R.C. 2929.14(B) that the minimum sentence would not protect the public and would demean the seriousness of the offenses.

{¶ 3} Roberts appealed, arguing that the trial court erred when it sentenced him to more than the minimum sentence because judicial fact-finding violates the defendant's Sixth Amendment right to trial by jury. *State v. Roberts*, Hamilton App. Nos. C–040575 and C–050005, 2005-Ohio-4848, 2005 WL 2249106. The court of appeals agreed. Id. at ¶ 11. Following its prior decision in *State v. Montgomery*, 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250, which interpreted several United States Supreme Court cases, including *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, the court held that judge-made findings that affect sentencing violate a defendant's constitutional rights and that therefore the minimum sentence must be imposed. Id. at ¶ 13. Consequently, the court of appeals modified Roberts's sentence on each count to the one-year minimum, with two of the sentences to run consecutively but concurrently to the other convictions, for a total sentence of two years. Id. at ¶ 14.

{¶ 4} The state filed a timely appeal in this court. On October 20, 2005, the court of appeals stayed its judgment pending disposition of the state's appeal. On January 25, 2006, we accepted the state's discretionary appeal and held the cause for a decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 5} On February 27, 2006, we held in *Foster* that a large portion of the state's sentencing statutes, including R.C. 2929.14(B), were unconstitutional. Id. at ¶ 97. We severed the unconstitutional provisions and held that "trial courts have full

discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 99–100.

{¶ 6} On March 24, 2006, the Ohio Department of Rehabilitation and Correction ("ODRC") released Roberts from prison and placed him on postrelease control.

{¶ 7} On May 3, 2006, this court issued an entry remanding Roberts's cause for resentencing pursuant to *Foster*. *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174, ¶ 168. On remand, the trial court again imposed an eight-year sentence. In June 2006, Roberts was arrested and reincarcerated to serve the time remaining on the eight-year sentence.

{¶ 8} Roberts appealed, arguing that his resentencing violated the Double Jeopardy Clause. The court of appeals affirmed Roberts's sentence by entry. *State v. Roberts* (June 27, 2007), Hamilton App. No. 060675.

{¶ 9} This cause is now before us pursuant to our acceptance of Roberts's discretionary appeal. *State v. Roberts*, 116 Ohio St.3d 1437, 2007-Ohio-6518, 877 N.E.2d 989.

{¶ 10} Roberts argues that when a person serves a prison sentence imposed by a court of appeals and the ODRC releases him, rearresting and resentencing that person to additional time violate the Double Jeopardy Clause of the Ohio and United States Constitutions.

## III.  Analysis

{¶ 11} We begin our analysis by examining the Double Jeopardy Clauses at issue, which state, "[N]or shall any person be subject for the same offence to be put twice in jeopardy of life or limb," Fifth Amendment to the United States Constitution, and "No person shall be twice put in jeopardy for the same offense." Section 10, Article I, Ohio Constitution. The Double Jeopardy Clause protects persons from (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656. The rationale underlying double jeopardy protection "is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for the alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green v. United States* (1957), 355 U.S. 184, 187–188, 78 S.Ct. 221, 2 L.Ed.2d 199. "A primary purpose served by [the Double Jeopardy Clause] is akin to that

served by the doctrines of *res judicata* and collateral estoppel—to preserve the finality of judgments." *Crist v. Bretz* (1978), 437 U.S. 28, 33, 98 S.Ct. 2156, 57 L.Ed.2d 24.

A. Sentences Subject to Review Have No Expectation of Finality

{¶ 12} The application of the Double Jeopardy Clause to a change in a sentence depends upon the extent and legitimacy of a defendant's expectation of finality. *United States v. DiFrancesco* (1980), 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328, addressed whether the government's appeal seeking to increase the defendant's criminal sentence violated the Double Jeopardy Clause by subjecting the defendant to multiple trials or multiple punishments for the same offense. The court stated, "The double jeopardy focus [is] to determine whether a criminal sentence, once pronounced, is to be accorded constitutional finality and conclusiveness similar to that which attaches to a jury's verdict of acquittal." Id. at 132, 101 S.Ct. 426, 66 L.Ed.2d 328.

{¶ 13} The court began its analysis by recognizing that the " 'constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal,' " even when it is " 'based upon an egregiously erroneous foundation.' " *DiFrancesco*, 449 U.S. at 129, 101 S.Ct. 426, 66 L.Ed.2d 328, quoting *Arizona v. Washington* (1978), 434 U.S. 497, 503, 98 S.Ct. 824, 54 L.Ed.2d 717, and *Fong Foo v. United States* (1962), 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629. Otherwise, "there would be an unacceptably high risk that the Government, with its superior resources, would wear down a defendant, thereby 'enhancing the possibility that even though innocent he may be found guilty.' " Id. at 130, 101 S.Ct. 426, 66 L.Ed.2d 328, quoting *Green v. United States* (1957), 355 U.S. 184, 188, 78 S.Ct. 221, 2 L.Ed.2d 199. Thus, acquittals are afforded "absolute finality" for purposes of applying double jeopardy protections. Id., quoting *Burks v. United States* (1978), 437 U.S. 1, 16, 98 S.Ct. 2141, 57 L.Ed.2d 1.

{¶ 14} But the court held that "a sentence does not have the qualities of constitutional finality that attend an acquittal." *DiFrancesco*, 449 U.S. at 134, 101 S.Ct. 426, 66 L.Ed.2d 328. In support of this premise, the court cited *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, in which the Court held that "there was no absolute constitutional bar to the imposition of a more severe sentence on reconviction after [a] defendant's successful appeal of the original judgment of conviction." Id. at 135, 101 S.Ct. 426, 66 L.Ed.2d 328.

{¶ 15} The court also held that the considerations that support the finality of an acquittal did *not* support the finality of a sentence. The court reasoned that the review of a sentence "does not involve a retrial or approximate the ordeal of a trial on the basic issue of guilt or innocence." *DiFrancesco*, 449 U.S. at 136, 101 S.Ct. 426, 66 L.Ed.2d 328. "The defendant's primary concern and anxiety

obviously relate to the determination of innocence or guilt, and that already is behind him." Id. Thus, reviewing a sentence contains no risk of harassment by the government seeking to retry the defendant.

{¶ 16} Moreover, the court recognized that when the legislature has provided the government with a statutory right of appeal, "[t]he defendant * * * is charged with knowledge of the statute and its appeal provisions, and has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired." Id.

{¶ 17} In sum, a defendant's "legitimate expectations are not defeated if his sentence is increased on appeal any more than are the expectations of the defendant who is placed on parole or probation that is later revoked." Id. at 137, 101 S.Ct. 426, 66 L.Ed.2d 328. Thus, the court determined that "the Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase." Id.

{¶ 18} The court also addressed whether the increase in the defendant's sentence constituted multiple punishments under the Double Jeopardy Clause. The court concluded that because Congress provided the government a right to appeal the defendant's sentence and the increased sentence was permitted by law, the prohibition against multiple punishments was not implicated. *DiFrancesco*, 449 U.S. at 138–139, 101 S.Ct. 426, 66 L.Ed.2d 328.

{¶ 19} Thus, the court held that the government's appeal that resulted in a longer sentence for the defendant did not run afoul of the Double Jeopardy Clause by subjecting the defendant either to multiple trials or to multiple punishments. Id. at 139, 101 S.Ct. 426, 66 L.Ed.2d 328.

## B. Release from Incarceration Does Not Create an Expectation of Finality

{¶ 20} An inmate's release from prison does not necessarily vest him or her with an expectation of finality regarding his or her sentence if the length of the sentence is currently an issue on appeal. In *United States v. Blakney* (Oct. 23, 1997), C.A.D.C. No. 97–3043, 1997 WL 702372, the trial court had twice imposed a sentence that was below the statutory minimum. During the government's second appeal, Blakney argued that she had completed her sentence and that to upwardly revise her sentence would violate her due process rights. Id. at *1. The court of appeals disagreed, stating, "When the government takes a direct appeal from a district court order a defendant can have no legitimate expectation in the finality of the district court order, whether or not the defendant has been released from prison." Id.

{¶ 21} In *State v. Straugh*, the prison sentence of the defendant, a.k.a. Straughn, was reduced from four years to two years on appeal. See *State v. Straugh* (Sept. 19, 2007), Hamilton App. No. C–061024. The state appealed, and

we reversed Straugh's sentence pursuant to our decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and remanded the cause for resentencing pursuant to *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174, ¶ 156.

{¶ 22} However, Straugh apparently had been released from prison while the state's appeal was pending. In affirming Straugh's new sentence, the court of appeals stated that "though this case presents the unusual circumstance of Straugh having been released after serving the sentence mandated by this court's judgment, that circumstance was of no constitutional significance. In light of the state's appeal, Straugh could claim no vested right to be released after serving only two years." *Straugh*, Hamilton App. No. 061024, * 3. See generally *White v. Pearlman* (C.A.10, 1930), 42 F.2d 788, 789 ("There is no doubt of the power of the government to recommit a prisoner who is released or discharged by mistake, where his sentence would not have expired if he had remained in confinement"), citing *Leonard v. Rodda* (1895), 5 App.D.C. 256, 1895 WL 11790.

{¶ 23} Finally, in *Ramos v. Gilkey* (Mar. 13, 1998), N.D.Ill. No. 97 C 7981, 1998 WL 122781, the defendant was released from prison 20 months early because of a clerical error in the judgment and commitment order. Upon discovery of the error, Ramos was arrested and reincarcerated to serve the remainder of his sentence. Ramos filed a habeas corpus petition arguing that his incarceration was illegal. In denying the writ, the court held that Ramos did not acquire a legitimate expectation of finality of a shorter sentence due to a typographical mistake.

C. A Stay Precludes an Expectation of Finality

{¶ 24} In addition, we also conclude that the appellate court's October 2005 stay should have tempered Roberts's expectation of finality in his sentence. "The effect of a stay pending review in a criminal appeal is preventive in nature. It preserves the status quo of the litigation pending appellate review and *suspends the power of the lower court to issue execution of the judgment or sentence*." (Emphasis added.) *Loeb v. State* (Fla.App.1980), 387 So.2d 433, 435–436. Thus, during the stay, the two-year sentence was suspended, and the original eight-year sentence was in effect.

{¶ 25} Moreover, a criminal defendant is charged with notice of a stay and has no reasonable expectation of finality regarding the sentence that is subject to the stay. *State v. Evers* (2004), 368 N.J.Super. 159, 169, 845 A.2d 674; see also *State v. Sanders* (1987), 107 N.J. 609, 619, 527 A.2d 442.

{¶ 26} Accordingly, we hold that when a defendant's sentence is stayed on appeal, but the defendant is released from prison under the assumption that the

sentence has been served, the defendant has no expectation of finality in that sentence for purposes of the Double Jeopardy Clause.

## IV. Roberts Had No Expectation of Finality in the Two–Year Sentence

{¶ 27} Roberts argues that jeopardy attached because his prison term had expired, and the ODRC had released him from prison. We disagree.

{¶ 28} The stay acted to temporarily suspend the two-year sentence and reinstate the original eight-year sentence. Thus, Roberts's sentence had not expired when he was released on March 24, 2006.

{¶ 29} The state timely appealed Roberts's two-year sentence to this court under R.C. 2953.08(B)(2). And the court of appeals issued a stay of Roberts's two-year sentence pending our resolution of the state's appeal. We accepted the state's appeal for review and ultimately reversed Roberts's sentence. All these events occurred prior to Roberts's release from prison. Any *one* of these events placed Roberts on notice that his sentence was subject to being overturned, and in fact, the decision in *Foster* did overturn Roberts's sentence. Consequently, Roberts had no expectation of finality in the two-year sentence imposed by the court of appeals. Therefore, the trial court's resentencing of Roberts on remand to eight years did not violate the Double Jeopardy Clause of either the United States or Ohio Constitutions, and Roberts's reincarceration was in accordance with the law.

{¶ 30} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

———————

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Charles W. Isaly, for appellant.