THE STATE OF OHIO, APPELLEE, *v.* HOLDCROFT, APPELLANT.

[Cite as *State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014.]

*Trial court does not have authority to resentence a defendant for purpose of adding postrelease control as sanction for a particular offense after the defendant has already served the prison term for that offense.*

(Nos. 2012-1325 and 2012-1441—Submitted June 4, 2013—Decided November 20, 2013.)

APPEAL from and CERTIFIED by the Court of Appeals for Wyandot County, No. 16-10-13, 2012-Ohio-3066.

_____

SYLLABUS OF THE COURT

1. A sentence is a sanction or combination of sanctions imposed for an individual offense. (*State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, applied.)

2. When a judge fails to properly impose statutorily mandated postrelease control as part of a defendant's sentence, the postrelease-control sanction is void. (*State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, applied.)

3. A trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense.

_____

O'NEILL, J.

{¶ 1} In this case, we must again consider when a trial court has the authority to correct a sentence when one of the sanctions originally imposed by

the trial court is void. We hold that a trial court cannot add a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense, even if the defendant remains in prison for other offenses.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 29, 1999, the Wyandot County Court of Common Pleas entered a judgment finding appellant, Henry Allen Holdcroft, guilty of aggravated arson and arson, pursuant to a jury verdict. In September 1999, the trial court imposed a prison term of ten years for Holdcroft's aggravated-arson offense and a prison term of five years for Holdcroft's arson offense. The trial court ordered that the prison terms be served consecutively. The trial court notified Holdcroft that a postrelease-control sanction would be imposed, but it failed to state the duration of the sanction and did not state whether it was part of the sentence for aggravated arson, arson, or both offenses. The judgment entry of sentence reflected the same defects.

{¶ 3}   Holdcroft completed his prison term for aggravated arson in 2009 and began serving the term of imprisonment for arson at that time. On January 26, 2010, the trial court held a new sentencing hearing to correct its errors related to postrelease control. Holdcroft argued in part that he had served 10½ years in prison and that his aggravated-arson term of incarceration had expired. But the trial court reimposed a prison term of ten years for aggravated arson and a prison term of five years for arson, and it ordered the arson prison term to be served consecutively to the aggravated-arson prison term. The trial court also imposed a mandatory term of five years of postrelease control for the aggravated-arson offense and a discretionary postrelease-control term of up to three years for the arson offense.

{¶ 4}   Holdcroft appealed the sentencing judgment, asserting that the trial court lacked jurisdiction to impose postrelease control related to his aggravated-

2

arson offense because he had already served the prison sentence for that offense. In a divided decision, the Third District Court of Appeals disagreed. The appellate court held that a trial court may resentence a defendant for the purpose of correctly imposing postrelease control, so long as the defendant is still serving a prison term for any of the other offenses included in the same judgment entry of sentence. The court certified that its judgment conflicted with the judgment in *State v. Dresser*, 8th Dist. Cuyahoga No. 92105, 2009-Ohio-2888, *abrogated in part on other grounds by State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, on the following question:

> Does a trial court have jurisdiction to resentence a defendant for the purpose of imposing mandatory post-release control regarding a particular conviction, when the defendant has served the stated prison term regarding that conviction, but has yet to serve the entirety of his aggregate prison sentence, when all of the convictions which led to the aggregate sentence resulted from a single indictment?

Holdcroft filed a notice of certified conflict and a discretionary appeal in this court. We determined that a conflict exists and accepted the discretionary appeal, and we consolidated the cases. 133 Ohio St.3d 1409, 2012-Ohio-4650, 975 N.E.2d 1028; 133 Ohio St.3d 1410, 2012-Ohio-4650, 975 N.E.2d 1029. For the reasons that follow, we reverse the judgment of the Third District and hold that when Holdcroft completed his prison term for aggravated arson, the trial court lost the authority to impose a postrelease-control sanction for that offense.

## ANALYSIS

{¶ 5} This court has consistently and repeatedly held that a trial court loses jurisdiction to resentence a defendant for the purpose of imposing

postrelease control once the defendant has served his entire sentence of incarceration. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 32; *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70; *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, syllabus, *superseded on other grounds by statute as stated in State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958; *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18, *overruled on other grounds by State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Thus far, we have had the opportunity to examine the imposition of postrelease control in three situations: (1) cases in which the defendant or the state filed a timely direct appeal, (2) cases in which the defendant remained in prison with no completed sentences, and (3) cases in which the defendant had already been released from prison. But we have not yet addressed the situation presented here, in which the trial court has resentenced the defendant to impose postrelease control for an offense, but the defendant had already served the entire prison term for that offense and remained in prison for other offenses.

{¶ 6} Resolution of this issue is helped significantly by examining the definitions of the words "sentence," "sanction," and "conviction" and by reviewing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, which offers insight into Ohio's felony-sentencing structure. In *Saxon*, this court addressed and rejected the use of the "sentencing package" doctrine by Ohio's appellate courts. Under that doctrine, a defendant's sentences in a multiple-conviction judgment entry are viewed in the aggregate, and if one of the sentences is vacated on appeal, the trial court has the authority to review the entire "sentencing package" on remand. *Id.* at ¶ 5. In *Saxon,* we concluded that the doctrine did not apply in Ohio, because "Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time." *Id.* at ¶ 8. In so holding, we observed that R.C. 2929.01(EE) (formerly numbered R.C.

2929.01(FF)) defines "sentence" as " 'the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to *an offense*.' " (Emphasis added.) *Id.* at ¶ 12. Further support for the *Saxon* rule can be found in R.C. 2929.01(DD), which states that " '[s]anction' means any penalty imposed upon an offender who is convicted of or pleads guilty *to an offense, as punishment for the offense*" (emphasis added) and in *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 135, which recognizes that a criminal "conviction" consists of both a finding of guilt and the imposition of a sentence. *See also State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 12, and *State v. Poindexter*, 36 Ohio St.3d 1, 5, 520 N.E.2d 568 (1988). In sum, under both the Revised Code and this court's decisions, a conviction is composed of a finding of guilt and a sentence, a sentence is a sanction or combination of sanctions imposed for an individual offense, and incarceration and postrelease control are types of sanctions that may be imposed and combined to form a sentence.

{¶ 7} Although we have not previously so stated, generally speaking, our recent cases in this area have dealt with void *sanctions*, rather than *sentences* that were void ab initio. For example, in *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, we held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, *that part of the sentence* is void and must be set aside." (Emphasis added in part.) *Id.* at ¶ 26. We further recognized that in most cases, the prison sanction is *not* void and therefore "only the offending portion of the sentence is subject to review and correction." *Id.* at ¶ 27. Accordingly, when a judge fails to properly impose statutorily mandated postrelease control as part of a defendant's sentence, the postrelease-control sanction is void. In such situations, the void sanction "may be reviewed at any time, on direct appeal or by collateral attack," *id.*, but "res judicata still applies to other aspects of the merits of a conviction, including the

determination of guilt and the lawful elements of the ensuing sentence," *id.* at ¶ 40.

**{¶ 8}** The *Fischer* rule does not apply to most sentencing challenges. For example, challenges to a trial court's compliance with R.C. 2929.11 and 2929.12, which may be brought by either the defendant or the state, must still be presented in a timely direct appeal under R.C. 2953.08. R.C. 2953.08(E); *see generally State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. This is also true with regard to challenges to a sentencing court's determination whether offenses are allied and its judgment as to whether sentences must be served concurrently or consecutively. *See generally State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061; *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768. The *Fischer* rule applies only in a limited class of cases—all three cases to which we have applied the *Fischer* rule have in common the crucial feature of a void sanction. *See Fischer* at ¶ 27; *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 18 (failure to include mandatory driver's license suspension as part of sentence); and *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 12 and 17 (failure to include mandatory fine as part of sentence; noting that a mandatory fine "is a criminal sanction").

**{¶ 9}** Therefore, so long as a timely appeal is filed from the sentence imposed, the defendant and the state may challenge any aspect of the sentence and sentencing hearing, and the appellate court is authorized to modify the sentence or remand for resentencing to fix whatever has been successfully challenged. R.C. 2953.08; *see also Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at ¶ 30. But absent a timely appeal, res judicata generally allows only the correction of a void sanction. *Fischer* at ¶ 40.

**{¶ 10}** Given the posture of this case, it is clear that if the trial court was able to correct anything related to Holdcroft's aggravated-arson sentence, it was

able to correct the void postrelease-control sanction that was part of that sentence. But the broader question remains: what effect, if any, does the fact that Holdcroft had completed the valid prison sanction for his aggravated-arson sentence have on the trial court's ability to impose a postrelease-control sanction for that offense? We conclude that once Holdcroft completed his prison term for aggravated arson, the trial court lost the authority to resentence him for that offense.

{¶ 11} As we noted above, we have consistently held that once an offender has been released from prison, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control. *E.g., Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 70; and *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at syllabus and ¶ 38. In *Simpkins*, we noted that " 'the power of a sentencing court to correct even a statutorily invalid sentence must be subject to some temporal limit,' " *id*. at ¶ 34, quoting *Breest v. Helgemoe* (1st Cir.1978), 579 F.2d 95, 101, but we contrasted Simpkins's situation—he had completed the vast majority of his sentence—with that of defendants who had already been released from prison. Because Simpkins was still serving time for a crime requiring the imposition of a mandatory postrelease-control sanction at the time he was resentenced, we concluded that Simpkins had no legitimate expectation of finality in his sentence and that therefore his resentencing was not barred by double-jeopardy or due-process concerns. *Id*. at ¶ 31-38. *See also State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 9, 28 (defendant was resentenced to add postrelease control as a sanction for a crime before he had fully served his prison sanction for that crime).

{¶ 12} Although both Simpkins and Holdcroft were incarcerated when they were resentenced, Holdcroft had served the entirety of his prison sanction for aggravated arson at the time he was resentenced. We conclude that Holdcroft had

a legitimate expectation of finality in the sentence that he had fully served and that his situation is therefore more analogous to *Hernandez* than to *Simpkins*.

{¶ 13} The reason that the line of finality and modification authority must be drawn at the sentence level, rather than at the incarceration level, lies in the fact that "Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time." *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at ¶ 8. The role of the trial judge in Ohio felony sentencing is offense-specific, not incarceration-specific, and a prison sanction that forms a sentence for one offense cannot be packaged with a prison sanction for another offense. *See id.* at ¶ 8-9.

{¶ 14} To be consistent in sentencing, there must be a distinction between the rule of *Fischer* and the rule of *Hernandez*. *Fischer*'s sanction-correction rule is based on principles of res judicata—while a void sanction may be modified, a valid sanction generally cannot. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 17. But once a valid prison sanction has been served, it is no longer res judicata that acts as a bar to modification; rather, the court has lost *jurisdiction* to modify the sentence. *Hernandez*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, at ¶ 28-30.

{¶ 15} A defendant's expectation of the finality of his sentence increases as time passes. The defendants in *Fischer* and *Simpkins*, whose appeal time had passed, had a greater expectation of the finality of their sentences than the defendant in *Saxon*, whose case remained on direct review. And the defendants in *Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, and *Hernandez*, who had completed all of the prison sanctions that comprised their sentences, had a greater expectation of the finality of their sentences than the *Saxon*, *Fischer*, or *Simpkins* defendants.

{¶ 16} This court has examined the effect that a defendant's legitimate expectation of finality has on the court's authority to modify a sentence, and those

cases lend further support to our conclusion here. In *State v. Roberts*, 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, we concluded that "[w]hen a defendant's sentence is stayed on appeal, but the defendant is released from prison under the assumption that the sentence has been served, the defendant has no expectation of finality in that sentence for purposes of the Double Jeopardy Clause." *Id.* at the syllabus. *Roberts* rests on the accepted general principle that a defendant has no legitimate expectation of finality in a sentence that remains subject to direct review. *Id.* at ¶ 16, quoting *United States v. DiFrancesco*, 449 U.S. 117, 136, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) (recognizing that "when the legislature has provided the government with a statutory right of appeal, '[t]he defendant * * * is charged with knowledge of the statute and its appeal provisions, and has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired' "). By contrast, in *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, we held that a trial court could not add to the defendant's punishment by classifying him as a registered sex offender some 14 months after he was originally sentenced. In *Raber*, we noted that "[t]he Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against the imposition of multiple criminal punishments for the same offense in successive proceedings," and that " '[i]f a defendant has a legitimate expectation of finality, then an increase in that sentence is prohibited by the double jeopardy clause.' " *Id.* at ¶ 24, quoting *United States v. Fogel*, 829 F.2d 77, 87 (D.C.Cir.1987). Directly pertinent to the issue here, we held that Raber—who had served the imposed sentence of incarceration—had a legitimate expectation of finality in his sentence and the trial court was precluded from imposing additional punishment upon him.

{¶ 17} Finally, in *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 1, 24, 37, we held that the resentencing of a defendant who had served seven years of an eight-year prison sanction to add a mandatory term of

postrelease control to his sentence was not barred by res judicata and did not violate the defendant's right to due process. We held that there "was no unfair surprise or prejudice" to the defendant and that because he "did not have a legitimate expectation of finality" in his sentence, he could be resentenced "without offending the Double Jeopardy or Due Process Clauses."

{¶ 18} Together, all of these cases provide a clear demonstration of the role that a defendant's legitimate expectation of finality plays in constraining a court's authority to review a sentence, and three principles provide a framework for future reference. First, when a sentence is subject to direct review, it may be modified; second, when the prison-sanction portion of a sentence that also includes a void sanction has not been completely served, the void sanction may be modified; and third, when the entirety of a prison sanction has been served, the defendant's interest in finality in his sentence becomes paramount, and his sentence for that crime may no longer be modified. Put another way, either the defendant or the state may challenge any aspect of a sentence so long as a timely appeal is filed. *See*, *e.g.*, R.C. 2953.08 and *DiFrancesco* at 132. But once the time for filing an appeal has run, Ohio courts are limited to correcting a void sanction. *Fischer* at ¶ 27. And once the prison-sanction portion of a sentence for a crime has been fully served, the structure of Ohio felony-sentencing law and the defendant's legitimate expectation in finality in his sentence prevent a court from further modifying the sentence for that crime in any way. A trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense. Although it is true that some other sanctions (such as restitution) may yet be outstanding, a sentence served is a sentence completed.

**CONCLUSION**

{¶ 19} Neither this court's jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense. It is irrelevant whether the defendant is still in prison for other offenses. Because Holdcroft was no longer serving a prison sanction for the offense of aggravated arson, the trial court was not authorized to impose a mandatory five years of postrelease control for that offense. We therefore reverse the judgment of the court of appeals and remand this cause to the trial court with instructions to vacate the imposition of postrelease control for Holdcroft's aggravated-arson offense.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER and FRENCH, JJ., concur.

LANZINGER, J., concurs in judgment and concurs separately.

O'DONNELL and KENNEDY, JJ., dissent and would affirm the judgment of the court of appeals.

_____

**LANZINGER, J., concurring in judgment only.**

{¶ 20} Unfortunately, the majority's discussion of "void sanctions" continues the confusion resulting from this court's opinions regarding errors in the imposition of postrelease control, precedent that I have advocated against consistently, most recently in my dissent in *In re J.S.*, 136 Ohio St.3d 8, 2013-Ohio-1721, 989 N.E.2d 978. Rather than continue the void/voidable dichotomy with its attendant complications, I would merely focus on R.C. 2929.191, the statute that allows the trial court to correct "a judgment of conviction * * * *before the offender is released from imprisonment under the prison term the court imposed.*" (Emphasis added.)

11

*Enactment of R.C. 2929.191*

{¶ 21} To put this case in context, it is helpful to look back to a case that was decided when this court was of one mind with regard to postrelease-control sentencing errors. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301. In *Hernandez*, we explained the General Assembly's purpose in enacting Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, in 1996:

> As part of the General Assembly's goal of achieving "truth in sentencing," the new felony-sentencing law was intended to ensure that all persons with an interest in a sentencing decision would know precisely the sentence a defendant is to receive upon conviction for committing a felony. The goal is that when the prosecutor, the defendant, and victims leave the courtroom following a sentencing hearing, they know precisely the nature and duration of the restrictions that have been imposed by the trial court on the defendant's personal liberty. Confidence in and respect for the criminal-justice system flow from a belief that courts and officers of the courts perform their duties pursuant to established law.

*Id.* at ¶ 31.

{¶ 22} Hernandez was not properly notified of mandatory postrelease control at his initial sentencing hearing, although he had been told that "he was 'being sent to prison and placed on post-release control by the Parole Board for a period of up to five years.' " *Id.* at ¶ 2. He appealed and was resentenced, but postrelease control was not mentioned during his resentencing hearing, nor was it included in the judgment of conviction. *Id.* at ¶ 4. Nevertheless, upon Hernandez's release from prison, the Adult Parole Authority determined that he

was subject to five years of postrelease control, and after he violated several postrelease conditions, it returned him to prison. *Id.* at ¶ 5-6. Hernandez filed a writ of habeas corpus, seeking release from prison and from postrelease control. *Id.* at 7. We granted the writ, unanimously holding:

> The Adult Parole Authority was not authorized to put Hernandez on postrelease control and sanction him for violating the terms of that control in the absence of appropriate notification of postrelease control by the trial court and incorporation of postrelease control in its sentencing entry. *In that his journalized sentence has expired, Hernandez is entitled to the writ and release from prison and from further postrelease control.*

(Emphasis added.) *Id.* at ¶ 32.

{¶ 23} After our decision in *Hernandez*, the General Assembly enacted R.C. 2929.191, which authorizes a trial court to correct a sentencing error related to the imposition of postrelease control, provided that the correction is made after the offender is given a hearing and while the offender is still serving the prison term for the relevant offense. 2006 Am.Sub.H.B. No. 137 ("H.B. 137"). Before the enactment of H.B. 137, a trial court had no special statutory power to correct a sentence that contained a postrelease-control error.[1] Furthermore, in passing H.B. 137, the General Assembly clearly intended to abrogate this court's decisions on postrelease-control sentencing error. Section 5(B) of H.B. 137 plainly states that the enactment provides a method of correction for all sentences and is intended to

---

1. H.B. 137 also amended R.C. 2929.19 and 2967.28. Language added to these two sections provides that on or after July 11, 2006, a trial court's failure to include postrelease control at sentencing or in the judgment entry of conviction will not "negate, limit, or otherwise affect the mandatory period of supervision that is required" to be imposed on an offender. Because Holdcroft was sentenced in 1999, these provisions are not applicable and are not at issue in this case.

"apply to all convicted offenders * * * regardless of whether they were sentenced prior to, or are sentenced on or after, the effective date of this act."

*Refusal to Apply R.C. 2929.191 Retroactively*

{¶ 24} Despite the clear intent of the General Assembly that R.C. 2929.191 was to apply retroactively, a majority of this court initially refused to so apply it. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958. The offender in *Singleton* was sentenced to prison for rape and felonious assault in 2000. *Id.* at ¶ 4. Although the trial court notified Singleton of five years of postrelease control at the sentencing hearing, it failed to notify him of the consequences of violating postrelease control and improperly referred to only the possibility of five years of postrelease control in its sentencing entry. *Id.* In 2006, Singleton filed a motion to vacate his guilty pleas due to the error in imposing postrelease control. *Id.* at ¶ 6. The trial court denied the motion, and Singleton appealed. The court of appeals affirmed the denial of the motion but vacated the sentence and remanded for a de novo sentencing. *Id.* The state appealed, arguing that the trial court should follow the procedures set forth in R.C. 2929.191 to correct the error in the imposition of postrelease control and that a de novo sentencing hearing was not necessary. *Id.* at ¶ 8.

{¶ 25} In discussing the retrospective application of R.C. 2929.191, the court stated:

> R.C. 2929.191 purports to authorize application of the remedial procedure set forth therein to add postrelease control to sentences imposed before its effective date. We recognize the General Assembly's authority to alter our caselaw's characterization of a sentence lacking postrelease control as a nullity and to provide a mechanism to correct the procedural defect by adding postrelease control at any time before the defendant is

14

released from prison.  However, for sentences imposed prior to the effective date of the statute, there is no existing judgment for a sentencing court to correct.  H.B. 137 cannot retrospectively alter the character of sentencing entries issued prior to its effective date that were nullities at their inception, in order to render them valid judgments subject to correction.  Therefore, for criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, the de novo sentencing procedure detailed in decisions of the Supreme Court of Ohio should be followed to properly sentence an offender.

*Id*. at ¶ 26.

{¶ 26} The court did hold, however, that "[f]or criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191." *Id.* at paragraph two of the syllabus.

*Revival of R.C. 2929.191's Retrospective Application*

{¶ 27} In *Singleton,* this court refused to apply R.C. 2929.191 retrospectively by stating that a sentencing entry omitting postrelease control was a void judgment and was thus a nullity incapable of being corrected.  A year later, however, this court retreated from *Singleton*'s holding that a de novo sentencing hearing was required for postrelease-control sentencing errors in sentences imposed before July 11, 2006.  *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.  *Fischer* declared that this court's requiring a new sentencing hearing had been "ill-considered." *Id.* at ¶ 28.  Instead of a de novo sentencing hearing, *Fischer* held that the new hearing should be "limited to proper imposition of postrelease control." *Id.* at ¶ 29.  Essentially, *Fischer* adopted the procedure required in R.C. 2929.191 without so stating and without explicitly

overruling the first syllabus paragraph of *Singleton* (holding that de novo sentencing hearings are required for criminal sentences imposed prior to July 11, 2006, that failed to properly impose postrelease control).

**{¶ 28}** Therefore, I believe that the resolution of this case lies in the retroactive application of R.C. 2929.191.

*Application of R.C. 2929.191*

**{¶ 29}** R.C. 2929.191(A)(1) states:

> If, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in division (B)(2)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (D)(1) of section 2929.14 of the Revised Code, *at any time before the offender is released from imprisonment under that term* and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.

(Emphasis added.)

**{¶ 30}** R.C. 2929.191(A)(2) discusses the method and effect of a correction:

16

If a court prepares and issues a correction to a judgment of conviction as described in division (A)(1) of this section *before the offender is released from imprisonment under the prison term the court imposed* prior to July 11, 2006, the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender * * *. * * * The court's placement upon the journal of the entry nunc pro tunc *before the offender is released from imprisonment under the term* shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender that the offender will be so supervised * * *.

(Emphasis added.)

{¶ 31} In other words, the General Assembly has enacted a procedure whereby postrelease control may be properly authorized and given effect, even though initial notification was inadequate, if the offender has not been released from prison "under the prison term the court imposed." The statute refers to completion of the "prison term the court imposed" as a time limitation for the correction to be made.

*Sentencing Error Is Not Jurisdictional*

{¶ 32} The statutory definitions of "sentence" as "the sanction or combination of sanctions imposed * * * on an offender who is convicted of or pleads guilty to an offense" (R.C. 2929.01(EE)) and "sanction" as "any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense" (R.C. 2929.01(DD)) make clear that these words relate to a specific offense, rather than all counts within an indictment. I agree

with the majority's analysis in regard to these definitions and its references to *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.

{¶ 33} But the majority is incorrect in saying that this court has been consistent in holding that a trial court "loses jurisdiction" to impose postrelease control after an "entire sentence of incarceration" has been served. Majority opinion at ¶ 5. All cases cited for that point hold that the defendant is not subject to an increased penalty after the prison term has expired, but not one holds that the trial court lacks jurisdiction to act. A court's mistake in imposing postrelease control does not mean that initially the court had no jurisdiction to act. There is no question that the trial court had the authority to sentence Holdcroft, and therefore was not lacking subject-matter jurisdiction. Rather, the trial court erred in the exercise of its authority to sentence by failing to properly impose the mandatory five-year postrelease control that should have been added as a sanction for aggravated arson in the original sentencing entry.

{¶ 34} Holdcroft's incorrect sentence could have been corrected on direct appeal. Both Holdcroft and the state did in fact appeal from the trial court's judgment, but neither party raised the postrelease-control issue on appeal. Nevertheless, by statute, the General Assembly has extended the time for correcting this type of sentencing error pursuant to R.C. 2929.191, which allows a court to correct the error provided that it is done before the prisoner is released from the prison term for the offense. The state's argument that all of an offender's prison terms that resulted from a single indictment should be aggregated to allow a longer period for sentence modification is not persuasive.

*The Expectation of Finality*

{¶ 35} I agree with the majority that Holdcroft had a legitimate expectation in the finality of his sentence for aggravated arson, but for different reasons. This court has previously stated that "there can be no reasonable, legitimate expectation of finality in [a void sentence]." *State v. Simpkins*, 117

18

Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 36, citing *United States v. Crawford*, 769 F.2d 253, 257-258 (5th Cir.1985). But *Simpkins* misconstrued *Crawford* by suggesting that it held that a defective sentence could be attacked forever. Rather, the *Crawford* court determined that there was no expectation of finality because former Fed.R.Crim.P. 35(a)[2] allowed an "illegal" sentence to be corrected at any time and the defendant was charged with knowledge of the rule. *Id.* at 257-258. *Crawford*'s holding was based on *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). In *DiFrancesco*, the United States Supreme Court concluded that a statute that granted the United States the right, under specified conditions, to appeal a sentence did not violate the Double Jeopardy Clause, because a defendant "has no expectation of finality in his sentence *until the appeal is concluded or the time to appeal has expired.*" (Emphasis added.) *Id.* at 136.

{¶ 36} We have incorporated *DiFrancesco*'s reasoning, stating, "[W]hen the legislature has provided the government with a statutory right of appeal, '[t]he defendant * * * is charged with knowledge of the statute and its appeal provisions, and has no expectation of finality in his sentence *until the appeal is concluded or the time to appeal has expired.*' " (Emphasis added.) *State v. Roberts*, 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶ 16, quoting *DiFrancesco* at 136. Thus, a defendant normally has a legitimate expectation of finality in a sentence after any appeal is concluded or the time to appeal has expired. The expectation of finality for postrelease-control sentencing errors is delayed by R.C. 2929.191, however, because that statute authorizes a trial court to correct any such error as long as the offender is still serving the prison term for the pertinent offense.

---

2. The language allowing the correction of an illegal sentence at any time was eliminated from Fed.R.Crim.P. 35(a) by Pub.L. No. 98-473, 98 Stat.2015, eff. Nov. 1, 1987.

**{¶ 37}** More than ten years after Holdcroft was originally sentenced, the state filed a motion under R.C. 2929.191 for the court to modify his sentence for aggravated arson to include the postrelease-control sanctions that had been omitted by the court. Holdcroft's appeal time had run, and moreover, he had completed his ten-year prison term for aggravated arson. He therefore had a legitimate expectation in the finality of that sentence, and no additional punishment could be imposed without running afoul of the Double Jeopardy Clause as well as R.C. 2929.191.

*Conclusion*

**{¶ 38}** Postrelease-control sentencing errors may be corrected on direct appeal just as any other sentencing error may be corrected. In addition, the General Assembly has provided an alternative procedure under R.C. 2929.191 that expands the time for correction of errors in imposition of postrelease control until a prison term has been completed for the relevant offense. In this case, the error in imposing postrelease control was not appealed by the state. The state also did not seek to have the postrelease-control error corrected pursuant to R.C. 2929.191 until after Holdcroft had completed his prison term for aggravated arson. Because I disagree with the reasoning expressed in the majority opinion and would rely solely on R.C. 2929.191, I concur only in the judgment that vacates the imposition of five-years' postrelease control on Holdcroft for his offense of aggravated arson.

_____

Jonathan K. Miller, Wyandot County Prosecuting Attorney, for appellee.

Kristopher A. Haines, Assistant Ohio Public Defender, for appellant.

_____