[Cite as *State v. Van Dyne*, 2016-Ohio-1476.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15CA26 |
| NANCY VAN DYNE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Cambridge
                             Municipal Court, Case No. 15CRB00155


JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      April 7, 2016

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM FERGUSON                      RONALD YARWOOD
Cambridge Law Director                42 North Phelps St.
By: Myra K. Scheurer                  Youngstown, OH  44503
150 Highland Ave., Ste. A
Cambridge, OH 43725

*Gwin, P.J.*

{¶1} Appellant, Nancy Van Dyne ["Van Dyne"] appeals the October 14, 2015 Judgment Entry of the Cambridge Municipal Court, Guernsey County, Ohio denying her motion to dismiss on Double Jeopardy grounds.

*Facts and Procedural History*

{¶2} Van Dyne was charged with domestic violence, a misdemeanor of the first degree in violation of R.C. 2919.25(A). She was arraigned on February 13, 2015. Subsequently a jury demand was filed on April 15, 2015.

{¶3} Van Dyne's original defense counsel filed a waiver of jury trial on June 22, 2015; however only defense counsel signed the document.

{¶4} Prior to the start of the bench trial, Van Dyne and her attorney confirmed in open court that Van Dyne was waiving her right to a jury trial and would proceed to a trial to the court. *Docket and Journal Entry, filed Oct. 14, 2015, ¶3.* However, the trial judge did not have Van Dyne execute a written waiver of her right to a jury trial. *Id.* The matter proceeded to a bench trial on June 25, 2015. Van Dyne was found guilty of domestic violence. The trial court scheduled the matter for a sentencing hearing.

{¶5} Prior to the sentencing hearing, Van Dyne hired new counsel and objected to the bench trial on the ground that Van Dyne did not sign the written waiver to a jury trial. The court subsequently vacated the guilty finding and again set the matter for a jury trial.

{¶6} Prior to the second trial Van Dyne filed a motion to dismiss on the theory that her right against double jeopardy had attached at the commencement of the bench trial thereby preventing the second trial.

{¶7} By Judgment Entry filed October 14, 2015, the trial court overruled Van Dyne's motion.

*Assignment of Error*

{¶8} Van Dyne raises one assignment of error,

{¶9} "I. THE TRIAL COURT IS PREVENTED FROM RETRYING APPELLANT, BY JURY OR OTHERWISE, AS SHE HAS ALREADY BEEN PUT IN JEOPARDY AND HAS ALREADY BEEN CONVICTED OF THE OFFENSE CHARGED MAKING ANY SUBSEQUENT TRIAL VIOLATIVE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION, SECTION 10 ARTICLE I OF THE OHIO CONSTITUTION AND R.C. 5924.44."

*Analysis*

{¶10} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protects criminal defendants against multiple prosecutions for the same offense. This court has recognized that "[t]he protections afforded by the two Double Jeopardy Clauses are coextensive." *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7, *citing State v. Gustafson* (1996), 76 Ohio St.3d 425, 432, 668 N.E.2d 435.

{¶11} The principle behind the Double Jeopardy Clause "'is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for the alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' " *State v. Roberts*, 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶ 11, *quoting Green*

*v. United States* (1957),355 U.S. 184, 187-188, 78 S.Ct. 221, 2 L.Ed.2d 199. The federal and state constitutions' double jeopardy protection further guards citizens against cumulative punishments for the "same offense." *State v. Moss* (1982), 69 Ohio St.2d 515, 518.

{¶12} Even so,

"'[T]he conclusion that jeopardy has attached,' " however, "'begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial.'" [*Serfass v. United States*, 420 U.S. 377, 390, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975)]. The remaining question is whether the jeopardy ended in such a manner that the defendant may not be retried. See 6 LaFave § 25.1(g) (surveying circumstances in which retrial is and is not allowed).

*Martinez v. Illinois,* 572 U.S.__, 134 S.Ct. 2070, 2075, 188 L.Ed.2d 112(2014).

### R.C. 2945.05 and waiver of a jury trial.

{¶13} R.C. 2945.05 provides,

In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof.

{¶14} In the case at bar, the parties agree that Van Dyne did not execute a valid waiver of her right to a jury trial. Accordingly, the trial court granted her motion, vacated her conviction and scheduled the case for a jury trial.

{¶15} Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury. *State v. Pless*, 74 Ohio St.3d 333, 339, 1996-Ohio-102, 658 N.E.2d 766. The failure to comply with R.C. 2945.05 may be remedied in a direct appeal from a criminal conviction. Id.

### Trial court jurisdiction.

{¶16} The Ohio Supreme Court has recognized that the term "jurisdiction" encompasses three distinct concepts: 1) subject matter jurisdiction; 2) jurisdiction over the person; and 3) jurisdiction over the particular case. *State v. Parker*, 95 Ohio St.3d 524, 2002–Ohio–2833, 769 N.E.2d 846, ¶ 22 (Cook, J., dissenting), *citing State v. Swiger*, 125 Ohio App.3d 456, 462, 708 N.E.2d 1033(9th Dist. 1998), *abrogated on other grounds*, 100 Ohio St.3d 176, 2003-Ohio-5607. "The third category of jurisdiction encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. * * * Where it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in the proceedings is only error in the 'exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance." *Swiger*, 125 Ohio App.3d at 462–463, 708 N.E.2d 1033. When a trial court lacks subject matter jurisdiction its judgment is void; lack of jurisdiction of the particular case merely renders the judgment voidable. Id., *citing Russell v. Russell*, 666 N.E.2d 943, 952(Ind.App.1996), *vacated on other grounds*, 682 N.E.2d 513.

{¶17} Thus, any defect in failing to obtain a properly executed written jury trial waiver is a defect in the trial court's *exercise of its jurisdiction* and not a lack of subject matter jurisdiction in the first instance. Consequently, if a trial court acts beyond its

statutory authority by trying a defendant without complying with the jury waiver requirements of R.C. 2945.05, that defendant's conviction may be voidable, but it is not void ab initio for lack of subject matter jurisdiction. *See, State ex rel. Jackson v. Dallman*, 70 Ohio St.3d 261, 262, 638 N.E.2d 563(1994); *State v. Franklin,* 8th Dist. Cuyahoga No. 81426, 2003-Ohio-2649, ¶7.

### *Van Dyne's retrial is not barred by Double Jeopardy.*

{¶18} In the case at bar, the trial court recognized its error in failing to obtain a valid waiver of her right to a jury trial from Van Dyne. The trial court corrected this error itself, rather than waiting for appellate review to correct the mistake.

{¶19} "Ordinarily, when one who has been convicted successfully seeks review of that conviction there is no double jeopardy impediment to a new trial. *United States v. Tateo*, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964); *Francis v. Resweber*, 329 U.S. 459, 67 S.Ct. 374, 91 L.Ed. 422 (1947); *United States v. Ball*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896).

{¶20} That a defendant's conviction is overturned on collateral rather than direct relief is irrelevant for purposes of double jeopardy since courts are empowered to grant new trials, and it would be incongruous to compel greater relief for one who proceeds collaterally than for one whose rights are vindicated on direct review. *United States v. Tateo*, 377 U.S. 463, 466, 84 S.Ct. 1587, 12 L.Ed.2d 448(1964); *Thacker v. Slayton,* 375 F.Supp. 1332, 1338 (D.C.Va.1974).

{¶21} Because the trial court acted beyond its statutory authority by trying Van Dyne without complying with the jury waiver requirements of R.C. 2945.05, Van Dyne's conviction was voidable. Accordingly, Double jeopardy does not bar her right to have a

jury trial on remand. *State v. Pless,* 74 Ohio St.3d 333, 340, 1996-Ohio-102, 658 N.E.2d 766; *State ex rel. Jackson v. Dallman* , 70 Ohio St.3d 261, 263, 638 N.E.2d 563(1994) ["We note that our reversing the court of appeals, granting the writ and discharging Jackson from prison does not preclude the common pleas court from trying Jackson again on the robbery charge (with a jury, unless he waives it, and there is strict compliance with R.C. 2945.05)."]; *State v. Baghdady*, 10th Dist. Franklin No. 05AP-142, 2005-Ohio-5092.

{¶22}  Van Dyne's sole assignment of error is overruled.

{¶23}  The judgment of the Cambridge Municipal Court, Guernsey County, Ohio is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur