[Cite as *State v. Teagarden*, 2016-Ohio-3446.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TREVOR J. TEAGARDEN | : | Case No. 15-CA-66 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Licking County
Court of Common Pleas, Case No.
07 CR 00365


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        June 13, 2016


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

KENNETH W. OSWALT        MICHAEL R. DALSANTO
Licking County Prosecutor        3 South Park Place, Suite 220
20 South Second Street, Fourth Fl.        Newark, Ohio 43055
Newark, Ohio 43055

*Baldwin, J.*

{¶1}    Appellant Trevor J. Teagarden appeals a judgment of the Licking County Common Pleas Court resentencing him to a term of incarceration of ten years to life for rape (R.C. 2907.02(A)(1)(b)) and three years for gross sexual imposition (R.C. 2907.04(A)(4)), to be served consecutively.  Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}    A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal. Appellant's criminal convictions arise from sex offenses committed on June 29, 2007 against victims ages 10 and 12.

{¶3}    On July 9, 2007, appellant was charged by indictment with one count of rape of a minor under the age of 13 in violation of R.C. 2907.02(A)(1)(b) [Count I], three counts of gross sexual imposition with a child victim under the age of 13 in violation of R.C. 2907.05(A)(4) [Counts II, III, and IV], and one count of attempted gross sexual imposition with a child victim under the age of 13 in violation of R.C. 2923.02(A) and R.C. 2907.05(A)(4) [Count V]. Upon bench trial appellant was found guilty of Counts I through IV and not guilty of Count V.   The court sentenced appellant to seven years on Count I and two years each on Counts II, III, and IV. The two-year terms on Counts II through IV were to be served concurrently with each other, but consecutively to the seven-year term on Count I.

{¶4}    Appellant filed a direct appeal from his convictions and sentence in *State v. Teagarden,* 5th Dist. Licking No. 08–CA–39, 2008–Ohio–6986 [*Teagarden I* ], appeal not allowed, 121 Ohio St.3d 1501, 2009–Ohio–2511, 907 N.E.2d 325, and habeas corpus dismissed, *Teagarden v. Warden, Madison Correctional Inst.,* S.D.Ohio No. 2:10–CV–

495, 2011 WL 2160466 (June 1, 2011), raising 12 assignments of error. We overruled all but the twelfth assignment of error in which appellant argued the counts of rape and gross sexual imposition should have merged for sentencing. We agreed in part and found Counts III and IV should have merged with Count I, but Count II was committed with separate animus and therefore did not merge. *Teagarden I,* supra, 2008–Ohio–6986, at ¶ 178. We remanded the case to the trial court for resentencing.

{¶5}   On February 9, 2009, the trial court resentenced appellant to an aggregate term of 7 years on Count I and 3 years each on Counts II and III. Counts II and III were concurrent with each other but consecutive to Count I. (The trial court found Count IV merged with Count III.)   No appeal was filed from the Judgment Entry of February 9, 2009.

{¶6}   On September 25, 2013, appellee filed an amended motion to correct the judgment entry in accord with our opinion, arguing the trial court should have sentenced appellant to "seven years on [Count I] and three years on [Count II] with those terms to be consecutive to one another. There should have been no sentence imposed on counts three and four as those offenses merge with [**Count I**]." (Emphasis in original.) Appellee also filed a motion pursuant to *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332 asking the trial court to resentence to properly impose postrelease control. Appellant responded with motions in opposition and also filed a motion to vacate allied offenses of similar import, arguing Counts II, III, and IV should merge with Count I.

{¶7}   On November 25, 2013, appellant filed a motion for new trial premised upon alleged defects with the trial transcript.

{¶8}   On November 26, 2013, the trial court held another resentencing hearing. The trial court found Counts III and IV merge with Count I. Appellee elected to sentence on Count I and the trial court thereupon sentenced appellant to an aggregate term of 10 years: 7 years on Count I consecutive to 3 years on Count II. Appellant appealed from the November 26, 2013 Judgment Entry and raised two assignments of error: 1) the trial court erred in failing to conduct a de novo sentencing hearing upon the allied-offenses remand, and 2) the trial court erred in imposing consecutive prison terms. This appeal was filed as *State v. Teagarden,* 5th Dist. Licking No. 13CA0125 [*Teagarden II* ].

{¶9}   On April 29, 2014, in this Court, the parties filed a "Joint Motion to Stay and Remand this Case for Resentencing of Defendant–Appellate (*sic* )" stating in pertinent part: " * * * * .[A]ll issues raised in this case concern the proper sentence for [appellant]. The undersigned are in agreement that the [appellant] should be resentenced once again to ensure the lawfulness of his sentence. * * * *."

{¶10}  Also on April 29, 2014, in the trial court, the parties filed a "*Joint* Motion to Amend Indictment and Documentation of Related Agreements to End Further Litigation" (emphasis in original), moving the trial court to amend Count I to a count of "attempted rape" as part of a "global resolution" of the underlying criminal case and a second criminal case, Licking County Court of Common Pleas case number 07–CR–739. The motion states that appellee discovered the sentence on Count I in the instant case is invalid because appellant should have received an indefinite term of 10 years to life. Therefore, appellee consented to amend Count I to "attempted rape" to avoid the mandatory sentence and permit the 7–year sentence instead. Attached to the motion is a detailed "Agreement" of the parties stating the specific terms of the sentence in the instant case,

including a sentence of seven years on Count I consecutive with three years on Count II. Counts III and IV merge into Count I. The Agreement further states that in return for the agreed-upon sentence, appellant would not initiate any further litigation related to either criminal case.

{¶11} We issued a Judgment Entry on May 12, 2014 stating in pertinent part: " * * * * [T]his case is hereby stayed and remanded to the trial court for the purpose of resolving pending issues on or before May 30, 2014."

{¶12} The trial court held a resentencing hearing on May 20, 2014, resulting in a Judgment Entry of May 23, 2014 stating by agreement of the parties, Count I is amended to "Attempted Rape" with no cited section number; "Counts III and IV merge with Count I for sentencing purposes, and [appellee] elected to proceed with sentencing on Count I." Appellant was sentenced to a prison term of 7 years on Count I consecutive to a term of 3 years on Count II. The parties' "Agreement" is appended to the Judgment Entry.

{¶13} *Teagarden II* was then dismissed by Judgment Entry on May 27, 2014.

{¶14} Appellant then appealed the May 23, 2014 resentencing, arguing that the court erred in its three attempts to resentence him pursuant to the mandates of *Teagarden I.* We agreed, finding that the court lacked jurisdiction to exceed the scope of the remand, and therefore could not amend the conviction on Count I in the third attempt at resentencing. *State v. Teagarden,* 5th Dist. Licking No. 14-CA-56, 2015-Ohio-2563 *(Teagarden III).* Because we had affirmed the original conviction for rape, we concluded that all post-*Teagarden I* litigation related to resentencing was void, including the attempt to amend Count I to attempted rape. *Id.* at ¶26. We further rejected appellant's argument that double jeopardy barred resentencing, even if appellant received a greater sentence

on remand, recognizing that the sentence for rape was void because it did not comply with R.C.2907.02(A)(1)(b) *et seq. Id.* at ¶28, 31. Our remand ordered the trial court to conduct a new sentencing hearing at which the trial court must accept the State's choice among allied offenses, merge the crimes into a single conviction for sentencing, and impose a sentence that is appropriate for the merged offenses. *Id.* at ¶33.

{¶15} The trial court conducted the resentencing hearing on July 23, 2015. The State elected to proceed with sentencing on the rape charge on Count I, rather than on either of the gross sexual imposition charges in Counts III and IV. By entry dated August 11, 2015, the court sentenced appellant to the statutorily-mandated term of ten years to life pursuant to the former R.C. 2971.03(B)(1)(a). The court noted that the conviction and sentence on Count II was unaffected or altered based on our remand order, and the sentence therefore remained three years, to be served consecutively to Count I, as previously imposed and affirmed.

{¶16} Appellant assigns three errors to the resentencing order:

{¶17} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THAT DOUBLE JEOPARDY ALLOWS FOR AN INCREASED SENTENCE UNDER *STATE V. HOLDCROFT.*

{¶18} "II. THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO MAKE THE CONSECUTIVE SENTENCING FINDINGS MANDATED BY R.C. 2929.14(C)(4).

{¶19} "III. THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO MERGE COUNTS ONE AND TWO IN LIGHT OF THE RECENT CASE LAW ON THE MERGER ISSUE, SPECIFICALLY *STATE V. JOHNSON* AND *STATE V. RUFF.*"

I.

{¶20} In his first assignment of error, appellant argues that the court violated his right to not be placed in double jeopardy by imposing a sentence of ten years to life on the rape conviction. He argues that he had served the entirety of his sentence on this conviction prior to the resentencing.

{¶21} The original sentence of seven years for the charge of rape was clearly contra to the statutorily-mandated term of ten years to life, as set forth in the former R.C. 2971.03(B)(1)(a). In *Teagarden III,* we discussed the double jeopardy ramifications of appellant receiving an increased sentence on remand:

> Appellant argues the possibility of an increased sentence upon remand violates his constitutional protection against double jeopardy. We will not speculate what the trial court's sentence will be. See, *State v. Aylward,* 159 Ohio App.3d 284, 2004–Ohio–6176, 823 N.E.2d 894, ¶ 40 (11th Dist.) (Christley, J., concurring) ("[A] possible double jeopardy claim would not be ripe on the current appeal, as the trial court has yet to issue a new sentence that increased appellant's punishment or issue a new sentence that failed to credit appellant for time served.")

> Nevertheless, the trial court's original sentence, and its subsequent attempts at re-sentencing, did not comply with (former) R.C. 2907.02(A)(1)(b) *et seq.* It is well-established that no court has the authority to substitute a different sentence for that which is required by law. *Colegrove v. Burns,* 175 Ohio St. 437, 438, 25 O.O.2d 447, 195 N.E.2d 811 (1964). Because no judge has the authority to disregard the law, a sentence

that clearly does so is void. *State v. Simpkins,* 117 Ohio St.3d 420, 2008– Ohio–1197, 884 N.E.2d 568, ¶ 14, overruled on other grounds. The Ohio Supreme Court has consistently held that a sentence that does not contain a statutorily-mandated term is a void sentence. *State v. Beasley,* 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984) (superseded on other grounds). Jeopardy does not attach to a void sentence. *Id.*

Moreover, this is appellant's third appeal of his sentence. Where the appellant has repeatedly appealed the sentence, of course there can be no expectation of finality. "[I]t should be self-evident that a defendant does not have a legitimate expectation in the finality of his original sentence when he appeals the sentence; [t]o hold otherwise would result in a no-lose situation for the defendant in every sentencing appeal." *State v. McAninch,* 1st Dist. Hamilton No. C–010456, 2002–Ohio–2347, ¶ 10.

{¶22}   *Teagarden III, supra,* ¶27-29.

{¶23}   Appellant relies on *State v. Holdcroft,* 137 Ohio St.3d 52, 61 N.E.3d 382, 2013-Ohio-5014 in support of his proposition that he could not be resentenced after completing the entirety of his sentence.  The *Holdcroft* case held that an omitted term of postrelease control could not be imposed after the defendant had completely served the underlying prison sentence.  The court held that once the prison-sanction portion of a sentence for a crime has been fully served, the structure of Ohio sentencing law and the defendant's legitimate expectation of finality in his sentence prevent a court from further modifying the sentence for that crime in any way.  *Id.* at ¶18.

{¶24} However, the court cited with approval its prior decision in *State v. Roberts,* 119 Ohio St.3d 294, 893 N.E.2d 818, 2008-Ohio-3835, for the proposition that a defendant has no legitimate expectation of finality in a sentence that remains subject to direct review. *Holdcroft, supra,* ¶16. In *Roberts* the court noted that three events which occurred before Roberts was released from prison placed him on notice that his sentence could be overturned: the state timely appealed his sentence, the court of appeals issued a stay of his sentence pending appeal to the Ohio Supreme Court, and the Ohio Supreme Court accepted his case for review. *Roberts, supra,* ¶29. Therefore, even though his two year term of incarceration had expired and he had been released from prison, the trial court's sentence of eight years did not violate the Double Jeopardy Clause, and his reincarceration was according to law. *Id.*

{¶25} According to appellant's calculation of his sentence on Count One, his sentence for that count was fully served on July 15, 2014. Assuming *arguendo* that appellant's calculation is correct, he appealed his May 23, 2014 resentencing on June 23, 2014, prior to the expiration of his sentence. Because the sentence was on direct review prior to its expiration, he had no expectation of finality in his sentence. The "Joint Motion to Amend Indictment and Documentation of Related Agreements to End Further Litigation" filed by the parties on April 29, 2014, again before the expiration of appellant's sentence, specifically stated that the underlying sentence for rape was invalid pursuant to statute, as appellant should have received a mandated term of ten years to life. Therefore, at the time he filed his June 23, 2014 appeal, appellant was on notice that the sentence did not comply with the statutory mandate. Based on these events, appellant

had no expectation of finality in his sentence and the trial court's sentence of ten years to life does not violate the Double Jeopardy Clause.

{¶26} The first assignment of error is overruled.

II.

{¶27} In his second assignment of error, appellant argues that the court erred in imposing consecutive sentences without making the statutory findings required by R.C. 2929.14(C)(4).

{¶28} In *Teagarden I,* we rejected appellant's argument that the court erred in imposing consecutive sentences, setting forth the applicable law concerning consecutive sentencing at the time of appellant's initial sentencing hearing:

> The statutes governing felony sentencing in Ohio used to require that a trial court make particular findings before sentencing a criminal defendant to maximum and consecutive sentences. However, in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court found much of Ohio's felony sentencing scheme unconstitutional because that scheme violated a defendant's right to a jury trial. Now, a trial court which is sentencing a felony offender "must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-0855, 846 N.E.2d 1, at ¶ 38.

After *Foster*, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. *Foster*, supra, at paragraph seven of the syllabus.

{¶29} *Teagarden I, supra,* at ¶151-152.

{¶30} The trial court lacks jurisdiction to exceed the scope of an appellate court's remand. *State v. Carsey,* 4th Dist. Athens No. 14CA5, 2014–Ohio–3682, ¶ 10. "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan,* 11 Ohio St.3d  1, 5,  462 N.E.2d 410, 414 (1984).

{¶31} Our remand in *Teagarden III* specifically instructed the court to conduct a new sentencing hearing at which the court must accept the state's election amongst the offenses we found to be allied, merge the crimes into a single conviction for sentencing, and impose a sentence appropriate for the merged offense.  *Teagarden III, supra,* at ¶33. Because the remand was on a limited issue that did not disturb our prior decision rejecting appellant's claims that consecutive sentences were not appropriate, the court was without jurisdiction to reconsider the issue of consecutive sentencing.

{¶32} Appellant argues that there are extraordinary circumstances, as the statutory scheme for consecutive sentencing was changed in 2011 to require the court to make findings before imposing consecutive sentences.  We disagree.  The factors which the court must consider before imposing consecutive sentences did not change.  The only

change is that the court is now required to state its findings on the record. The statutory change did not change the sentencing scheme in any substantive way, and does not rise to the level of extraordinary circumstances.

{¶33} Further, the court imposed consecutive sentences in its sentencing entry of May 23, 2014, which was subsequent to the 2011 amendment to the statute, but appellant did not challenge the imposition of consecutive sentences in *Teagarden III.* Therefore, his argument is now barred by res judicata. *State v. Green,* 5th Dist. Stark No. 2011 CA 00127, 2011-Ohio-5611, ¶33 (issue which could have been raised in appellant's prior appeal is barred by res judicata).

{¶34} Appellant's second assignment of error is overruled.

III.

{¶35} In his third assignment of error, appellant argues that the court should have merged Counts I and II on remand, as they are allied offenses of similar import. While recognizing that we found in *Teagarden I* that these counts were committed with separate animus, he argues that the intervening Ohio Supreme Court decisions of *State v. Ruff*, 143 Ohio St. 3d 114, 34 N.E.3d 892, 2015-Ohio-995 and *State v. Johnson,* 128 Ohio St. 3d 153, 942 N.E.2d 1061, 2010-Ohio-6314 constitute intervening decisions of the Ohio Supreme Court which allowed the trial court to exceed the scope of our remand.

{¶36} However, in both *Ruff* and *Johnson,* the Ohio Supreme Court held that if the crimes were committed with a separate animus, they are not allied offenses of similar import and do not merge. *Ruff, supra,* at ¶31; *Johnson, supra,* at ¶51. Therefore, these decisions are not intervening decisions which constituted extraordinary circumstances allowing the trial court to exceed the scope of our remand. Further, both of these

decisions predate our decision in *Teagarden III,* yet appellant did not raise the issue in that appeal.  His argument is therefore barred by res judicata.  *Green, supra.*

{¶37}  The third assignment of error is overruled.

{¶38}  The judgment of the Licking County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.