[Cite as *State v. Teagardren*, 2018-Ohio-3767.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 17-CA-96 |
| | : | |
| TREVOR TEAGARDEN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
Common Pleas, Case No. 07 CR 00366

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     September 18, 2018

APPEARANCES:

For Plaintiff-Appellee:                              For Defendant-Appellant:

WILLIAM C. HAYES                              SCOTT A. CIOLEK
LICKING CO. PROSECUTOR                  901 Washington St.
PAULA M. SAWYERS                              Toledo, OH 43609
20 S. Second St., Fourth Floor
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Trevor Teagarden appeals from the November 21, 2017 Judgment Entry of the Licking County Court of Common Pleas overruling his motion to vacate sentence. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal. Appellant's criminal convictions arise from sex offenses committed on June 29, 2007 against victims aged 10 and 12. The following procedural history is taken in part from our decision in *State v. Teagarden*, 5th Dist. Licking No. 14-CA-56, 2015-Ohio-2563 [*Teagarden III*] and *State v. Teagarden*, 5th Dist. Licking No. 15-CA-66, 2016-Ohio-3446, *cause dismissed,* 146 Ohio St.3d 1495, 2016-Ohio-5680, 57 N.E.3d 1174, and *appeal not allowed,* 147 Ohio St.3d 1445, 2016-Ohio-7854, 63 N.E.3d 1215 [*Teagarden IV*].

{¶3} On July 9, 2007, appellant was charged by indictment with one count of rape of a minor under the age of 13 in violation of R.C. 2907.02(A)(1)(b) [Count I], three counts of gross sexual imposition with a child victim under the age of 13 in violation of R.C. 2907.05(A)(4) [Counts II, III, and IV], and one count of attempted gross sexual imposition with a child victim under the age of 13 in violation of R.C. 2923.02(A) and R.C. 2907.05(A)(4) [Count V]. Upon bench trial appellant was found guilty upon Counts I through IV and not guilty upon Count V.

### The Original Sentencing: March 10, 2008

{¶4}   The court sentenced appellant to seven years on Count I and two years each on Counts II, III, and IV. The two-year terms on Counts II through IV were to be served concurrently but consecutive to the seven-year term on Count I.

{¶5}   Appellant filed a direct appeal from his convictions and sentence in *State v. Teagarden,* 5th Dist. Licking No. 08–CA–39, 2008–Ohio–6986 [*Teagarden I* ], appeal not allowed, 121 Ohio St.3d 1501, 2009–Ohio–2511, 907 N.E.2d 325, and habeas corpus dismissed, *Teagarden v. Warden, Madison Correctional Inst.,* S.D.Ohio No. 2:10–CV– 495, 2011 WL 2160466, *1 (June 1, 2011), raising 12 assignments of error. We overruled all but the twelfth assignment of error in which appellant argued the counts of rape and gross sexual imposition should have merged for sentencing. We agreed in part and found Counts III and IV should have merged with Count I, but Count II was committed with separate animus and therefore did not merge. *Teagarden I,* supra, 2008–Ohio–6986, at ¶ 178. We remanded the case to the trial court for resentencing.

### The First Re–Sentencing: February 9, 2009

{¶6}   On February 9, 2009, the trial court resentenced appellant to an aggregate term of 7 years on Count I and 3 years each on Counts II and III. Counts II and III were concurrent with each other but consecutive to Count I. (The trial court found Count IV merged with Count III.)

{¶7}   No appeal was filed from the Judgment Entry of February 9, 2009.

{¶8}   On September 25, 2013, appellee filed an amended motion to correct the judgment entry in accord with our opinion, arguing the trial court should have sentenced appellant to "seven years on [Count I] and three years on [Count II] with those terms to

be consecutive to one another. There should have been no sentence imposed on counts three and four as those offenses merge with [**Count I**]." (Emphasis in original.) Appellee also filed a motion pursuant to *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332 asking the trial court to resentence to properly impose postrelease control. Appellant responded with motions in opposition and also filed a motion to vacate allied offenses of similar import, arguing Counts II, III, and IV should merge with Count I.

{¶9}   On November 25, 2013, appellant filed a motion for new trial premised upon alleged defects with the trial transcript.

### *The Second Re–Sentencing Hearing: November 26, 2013*

{¶10} On November 26, 2013, the trial court held another resentencing hearing. The trial court found Counts III and IV merge with Count I. Appellee elected to sentence on Count I and the trial court thereupon sentenced appellant to an aggregate term of 10 years: 7 years on Count I consecutive to 3 years on Count II.

{¶11} Appellant appealed from the November 26, 2013 Judgment Entry and raised two assignments of error: 1) The trial court erred in failing to conduct a de novo sentencing hearing upon the allied-offenses remand; and 2) the trial court erred in imposing consecutive prison terms. This appeal was filed as *State v. Teagarden,* 5th Dist. Licking No. 13CA0125 [*Teagarden II* ].

{¶12} On April 29, 2014, in this Court, the parties filed a "Joint Motion to Stay and Remand this Case for Resentencing of Defendant–Appellate (*sic* )" stating in pertinent part: " * * * * .[A]ll issues raised in this case concern the proper sentence for [appellant]. The undersigned are in agreement that the [appellant] should be resentenced once again to ensure the lawfulness of his sentence. * * * *."

{¶13} Also on April 29, 2014, in the trial court, the parties filed a "*Joint* Motion to Amend Indictment and Documentation of Related Agreements to End Further Litigation" (emphasis in original), moving the trial court to amend Count I to a count of "attempted rape" as part of a "global resolution" of the underlying criminal case and a second criminal case, Licking County Court of Common Pleas case number 07–CR–739.[2] The motion states appellee discovered the sentence on Count I in the instant case is invalid because appellant should have received an indefinite term of 10 years to life. Therefore, appellee consented to amend Count I to "attempted rape" to avoid the mandatory sentence and permit the 7–year sentence instead. Attached to the motion is a detailed "Agreement" of the parties stating the specific terms of the sentence in the instant case, including, e.g., a resulting sentence of seven years on Count I consecutive with three years on Count II. Counts III and IV merge into Count I. The Agreement further states that in return for the agreed-upon sentence, appellant would not initiate any further litigation related to either criminal case.

{¶14} We issued a Judgment Entry on May 12, 2014 stating in pertinent part: " * * * * [T]his case is hereby stayed and remanded to the trial court for the purpose of resolving pending issues on or before May 30, 2014."

### The Third Re–Sentencing Hearing: May 20, 2014

{¶15} The trial court held a resentencing hearing on May 20, 2014, resulting in a Judgment Entry of May 23, 2014 stating by agreement of the parties, Count I is amended to "Attempted Rape" with no cited section number; "Counts III and IV merge with Count I for sentencing purposes, and [appellee] elected to proceed with sentencing on Count I."

Appellant was sentenced to a prison term of 7 years on Count I consecutive to a term of 3 years on Count II. The parties' "Agreement" is appended to the Judgment Entry.

{¶16} *Teagarden II* was then dismissed by Judgment Entry on May 27, 2014.

{¶17} Appellant then appealed the May 23, 2014 resentencing, arguing that the court erred in its three attempts to resentence him pursuant to the mandates of *Teagarden I.* We agreed, finding that the court lacked jurisdiction to exceed the scope of the remand, and therefore could not amend the conviction on Count I in the third attempt at resentencing. *State v. Teagarden,* 5th Dist. Licking No. 14–CA–56, 2015–Ohio–2563 *(Teagarden III).* Because we had affirmed the original conviction for rape, we concluded that all post-*Teagarden I* litigation related to resentencing was void, including the attempt to amend Count I to attempted rape. *Id.* at ¶ 26. We further rejected appellant's argument that double jeopardy barred resentencing, even if appellant received a greater sentence on remand, recognizing that the sentence for rape was void because it did not comply with R.C. 2907.02(A)(1)(b) *et seq. Id.* at ¶ 28, 31.

{¶18} Our remand ordered the trial court to conduct a new sentencing hearing at which the trial court must accept the State's choice among allied offenses, merge the crimes into a single conviction for sentencing, and impose a sentence that is appropriate for the merged offenses. *Id.* at ¶ 33.

### The Fourth Re-Sentencing Hearing: July 23, 2015

{¶19} The trial court conducted the resentencing hearing on July 23, 2015. The State elected to proceed with sentencing on the rape charge on Count I, rather than on either of the gross sexual imposition charges in Counts III and IV. By entry dated August 11, 2015, the court sentenced appellant to the statutorily-mandated term of ten years to

life pursuant to the former R.C. 2971.03(B)(1)(a). The court noted that the conviction and sentence on Count II was unaffected or altered based on our remand order, and the sentence therefore remained three years, to be served consecutively to Count I, as previously imposed and affirmed.

{¶20} Appellant appealed from the resentencing of July 23, 2015, arguing double jeopardy prevented an increased sentence, the trial court failed to make the required findings for consecutive sentences, and the trial court should have merged Counts I and II. We disagreed in *Teagarden IV* and affirmed the convictions and sentence on June 13, 2016.

{¶21} On August 28, 2017, appellant filed a "Motion to Vacate Sentence Imposed pursuant to R.C. 2971.03" in the trial court. Appellant now argued the trial court's imposition of the sentence of 10 years to life upon Count I is void pursuant to R.C. 5145.01. The trial court overruled the motion on November 21, 2017.

{¶22} Appellant now appeals from the trial court's Judgment Entry of November 21, 2017.

{¶23} Appellant raises one assignment of error:

**ASSIGNMENTS OF ERROR**

{¶24} "THE SENTENCING COURT ERRED IN FINDING THAT THE DOCTRINE OF RES JUDICATA BARRED CONSIDERATION OF APPELLANT'S MOTION TO VACATE THE VOID SENTENCE THAT WAS IMPOSED ON COUNT I AT THE JULY 23, 2015 RESENTENCING BECAUSE A. THE SENTENCING COURT FAILED TO IMPOSE SENTENCE AS REQUIRED BY LAW[;] B. THE ILLEGAL SENTENCES UNDER R.C.

2971.03(B)(1)(A) AND R.C. 2950.09(A) ARE VOID, AND THEREFORE MUST BE VACATED.

**ANALYSIS**

{¶25} In his latest effort to overturn his sentence of 10 years to life, appellant argues the sentence is void pursuant to R.C. 5145.01. We disagree.

*Appellant's pro se brief disregarded*

{¶26} Before we turn to appellant's arguments, we note appellant filed a pro se brief on March 14, 2018. Appellant was represented by counsel at that time, and appellate counsel filed a brief on March 15, 2018. There is no indication from the record that appellate counsel joined in or adopted the brief. Thus, the pro se brief is not properly before the court and is hereby disregarded. The Ohio Supreme Court has held that "[n]either the United States Constitution, the Ohio Constitution, nor case law mandates * * * hybrid representation." *State v. Morrison*, 5th Dist. Guernsey No. 11-CA-29, 2012-Ohio-2154, ¶ 15, citing *McKaskle v. Wiggins,* 465 U.S. 168 [104 S.Ct. 944, 79 L.Ed.2d 122 (1984)]. A criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel, but these two rights are independent of each other and may not be asserted simultaneously. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 32, citing *Parren v. State*, 309 Md. 260, 269, 523 A.2d 597 (1987).

{¶27} Appellant is represented by counsel in this matter and we cannot entertain briefs filed by appellant pro se. See *State v. Tenace*, 109 Ohio St.3d 451, 2006–Ohio– 2987, 849 N.E.2d 1, ¶ 10. As the Ohio Supreme Court explained: "A defendant has no right to a 'hybrid' form of representation wherein he is represented by counsel, but also

acts simultaneously as his own counsel." *State v. Keenan,* 81 Ohio St.3d 133, 138, 1998-Ohio-459, 689 N.E.2d 929.

*Appellant's new arguments precluded by res judicata*

{¶28} Appellant's arguments are premised upon R.C. 5145.01, which states:

Courts shall impose sentences to a state correctional institution for felonies pursuant to sections 2929.13 and 2929.14 of the Revised Code. All prison terms may be ended in the manner provided by law, but no prison term shall exceed the maximum term provided for the felony of which the prisoner was convicted as extended pursuant to section 2929.141 or 2967.28 of the Revised Code.

If a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of sections 2929.14 and 2929.41 of the Revised Code apply.

If sentenced consecutively, for the purposes of sections 5145.01 to 5145.27 of the Revised Code, the prisoner shall be held to be serving one continuous term of imprisonment.

If a court imposes a sentence to a state correctional institution for a felony of the fourth or fifth degree, the department of rehabilitation and correction, notwithstanding the court's designation of a state correctional institution as the place of service of the sentence, may designate that the person sentenced is to be housed in a county, multicounty, municipal,

municipal-county, or multicounty-municipal jail or workhouse if authorized pursuant to section 5120.161 of the Revised Code.

If, through oversight or otherwise, a person is sentenced to a state correctional institution under a definite term for an offense for which a definite term of imprisonment is not provided by statute, the sentence shall not thereby become void, but the person shall be subject to the liabilities of such sections and receive the benefits thereof, as if the person had been sentenced in the manner required by this section.

As used in this section, "prison term" has the same meaning as in section 2929.01 of the Revised Code.

{¶29} Appellant has framed his arguments as separate branches under one assignment of error, but those arguments are interrelated in that he argues his sentence is void pursuant to R.C. 5145.01. By "sentence," appellant refers to the sentence imposed at the hearing on July 23, 2015. He directly appealed from that re-sentencing hearing, and we overruled his arguments and affirmed the convictions and sentence. See, *Teagarden IV*, supra. That decision became final when the Ohio Supreme Court declined jurisdiction.

{¶30} The trial court specifically found appellant's latest round of arguments is barred by res judicata. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State*

*v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus, *approving and following State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶31} Appellant attempts to overcome the application of res judicata by arguing the 2015 sentence is void because it failed to take into account R.C. 5145.01. Appellant argues that statute prevented the trial court from vacating his original definite term of 7 years and imposing the indefinite term of 10 years to life. Appellant ignores the fact that we instructed trial court to impose the correct sentence in *Teagarden III.*

> Appellant thus remains convicted of Count I, rape of a child under the age of 13 pursuant to R.C. 2907.02(A)(1)(b) [footnote omitted] and Counts II, III, IV, gross sexual imposition against a child under the age of 13 pursuant to R.C. 2907.05(A)(4) [footnote omitted]. Counts III and IV merge with Count I for purposes of sentencing. *Teagarden I,* supra, at ¶ 178. (The original conviction and sentence upon Count II was not affected by the remand and thus was not vacated.)

> *Teagarden III*, 2015-Ohio-2563 at ¶ 25.

{¶32} Our specific remand instruction was as follows:

> Our remand requires the trial court to conduct a new sentencing hearing at which the trial court must accept the state's choice among allied offenses, "merge the crimes into a single conviction for sentencing, * * * and impose a sentence that is appropriate for the merged offense." *State v. Wilson,* 129 Ohio St.3d 214, 2011–Ohio–2669, 951 N.E.2d 381 at ¶ 24, citing *State v. Brown,* 119 Ohio St.3d 447, 2008–Ohio–4569, 895 N.E.2d 149, ¶ 41.

*Teagarden III*, 2015-Ohio-2563 at ¶ 33.

{¶33} We noted appellant was now subject to a sentence of 10 years to life:

(Former) R.C. 2907.02(A)(1)(b) states in pertinent part: No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies: [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

And (former) R.C. 2907.02(B) provides in pertinent part: Whoever violates this section is guilty of rape, a felony of the first degree. * * * *. Except as otherwise provided in this division, notwithstanding sections 2929.11 to 2929.14 of the Revised Code, an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code.

And (former) R.C. 2971.03(B)(1)(a) states in pertinent part: Notwithstanding section 2929.13, division (A), (B), (C), or (F) of section 2929.14, or another section of the Revised Code other than division (B) of section 2907.02 or divisions (D) and (E) of section 2929.14 of the Revised Code that authorizes or requires a specified prison term or a mandatory prison term for a person who is convicted of or pleads guilty to a felony or that specifies the manner and place of service of a prison term or term of imprisonment, if a person is convicted of or pleads guilty to a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or

after the effective date of this amendment, if division (A) of this section does not apply regarding the person, and if the court does not impose a sentence of life without parole when authorized pursuant to division (B) of section 2907.02 of the Revised Code, the court shall impose upon the person an indefinite prison term consisting of one of the following: Except as otherwise required in division (B)(1)(b) or (c) of this section, a minimum term of ten years and a maximum term of life imprisonment.

*Teagarden III*, 2015-Ohio-2563 at fn. 3.

{¶34} Appellant's claim in the instant appeal ["However, on July 23, 2015, the Sentencing Court somehow lost its way and imposed R.C. 2950.09(A)," brief page 7] is premised directly upon our remand order in *Teagarden III*. Our decision in Teagarden III became final when appellant did not appeal to the Ohio Supreme Court.

{¶35} Appellant was re-sentenced on July 23, 2015 to the statutorily-mandated term of ten years to life pursuant to the former R.C. 2971.03(B)(1)(a). His appeal from that decision became final on November 23, 2016 when the Ohio Supreme Court declined jurisdiction.

{¶36} Appellant had two opportunities to raise the R.C. 5145.01 argument: in *Teagarden III* or *Teagarden IV*. His arguments are premised upon our instruction in *Teagarden III*, claiming that application of R.C. 2950.09(A) upon resentencing is in error. Appellant failed to challenge our remand instruction before the Ohio Supreme Court. He has been resentenced, and we have affirmed the sentence, yet again. Appellant's latest round of arguments is barred by res judicata.

{¶37} Other jurisdictions have also held that "new" arguments on R.C. 5145.01 in motions to vacate sentences are barred by res judicata. *State v. Shie,* 8th Dist. Cuyahoga No. 83632, 2009–Ohio–5828, ¶ 7; see also, *State v. Ramsey*, 7th Dist. Columbiana No. 10 CO 29, 2011-Ohio-2640, ¶ 27.

*Appellant's R.C. 5145.01 argument fails*

{¶38} Appellant's R.C. 5145.01 argument is unavailing on the merits as well. First, "R.C. 5145.01 governs state correctional institutions and does not instruct sentencing courts." *State v. Stalnaker*, 11th Dist. Lake No. 2011-L-151, 2012-Ohio-3028, ¶ 14, citing *State v. Terrell,* 4th Dist. No. 10CA39, 2012–Ohio–1926, ¶ 10; *State v. Ramsey,* 7th Dist. No. 10 CO 29, 2011–Ohio–2640, ¶ 12. Moreover, the statute itself notes that it does not render a sentence void. R.C. 5145.01, *supra.*

{¶39} We note appellant does not specify what benefit he would have received by application of R.C. 5145.01. He cites two decisions referencing the statute: *State v. Chapman*, 8th Dist. Cuyahoga No. 104379, 2016-Ohio-8151, appeal not allowed*,* 149 Ohio St.3d 1421, 2017-Ohio-4038, 75 N.E.3d 237, and *State v. Whitehead,* 10th Dist. Franklin No. 90AP-260, 1991 WL 43078, *4. He argues those cases stand for the proposition that his 7-year prison sentence was wrongly voided and vacated, the current sentence "fails to include the required statute (5145.01), is not within the statutorily-required range, and has prejudiced him."

{¶40} We need not revisit the challenges to the sentence which we have already addressed in our prior opinions. The "law of the case" doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved

for all subsequent proceedings in the case at both the trial and reviewing levels. *Nolan v. Nolan,* 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984).

{¶41} Appellant's new arguments regarding application of 5145.01 is not supported by *Chapman* or *Whitehead*. In fact, the statute itself and both of those cases support the outcome of appellant's indefinite sentence: appellant was (improperly) sentenced to a determinate sentence upon Count I, and after a circuitous round of appeals, he was sentenced to an indeterminate sentence on Count I. The relevant portion of R.C. 5145.01 states:

> * * * *. If, through oversight or otherwise, a person is sentenced to a state correctional institution under a definite term for an offense for which a definite term of imprisonment is not provided by statute, the sentence shall not thereby become void, but the person shall be subject to the liabilities of such sections and receive the benefits thereof, as if the person had been sentenced in the manner required by this section. * * * *.

{¶42} And the Tenth District found in *Whitehead:*

> We find neither an abuse of discretion nor prejudicial error under the circumstances herein. Defendant received a corrected indeterminate sentence, rather than a determinate sentence, with the minimum period of incarceration being the same, namely, two years. In fact, it is at least arguable that the proper sentence (that in the amended sentencing entry), would be applied as a matter of law pursuant to R.C. 5145.01, which provides that, if "through oversight or otherwise" a definite sentence is imposed for an offense for which a definite term of imprisonment is not

provided by statute, the sentence is not void but, instead, the proper sentence shall be imposed. See *Reed v. Maxwell* (1964), 176 Ohio St. 356, and *In re Smith* (1954), 162 Ohio St. 58. * * * *.

*State v. Whitehead,* 10th Dist. Franklin No. 90AP-260, 1991 WL 43078, *4.

{¶43} *Chapman* underscores that R.C. 5145.01 does not operate to void a defendant's sentence and does not render him entitled to a de novo resentencing hearing. *State v. Chapman*, 8th Dist. Cuyahoga No. 104379, 2016-Ohio-8151, ¶ 8, *appeal not allowed,* 149 Ohio St.3d 1421, 2017-Ohio-4038, 75 N.E.3d 237.

{¶44} Appellant's sentence is not void.  His new arguments are precluded by res judicata and fail on the merits.  The trial court did not err in overruling appellant's motion to vacate sentence.

## CONCLUSION

{¶45} Appellant's sole assignment of error is overruled and the judgment of the Licking County Court of Common Pleas is affirmed.


By:  Delaney, J.,

Wise, John, P.J. and

Gwin, J., concur.