[Cite as *State v. Teagarden*, 2023-Ohio-597.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 22CA0105 |
| | : | |
| TREVOR TEAGARDEN | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of Common Pleas, case no. 2007CR00365

JUDGMENT:      REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:      February 28, 2023

APPEARANCES:

For Plaintiff-Appellant:

JENNY WELLS
LICKING CO. PROSECUTOR
CLIFFORD J. MURPHY
20 North Second St.
4th Floor
Newark, OH 43055

For Defendant-Appellee:

KORT GATTERDAM
ERIK P. HENRY
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215

*Delaney, J.*

{¶1} Plaintiff-appellant State of Ohio appeals from the November 18, 2022 Order Granting Defendant's Motion to Reinstate Sentence and Order to Release of the Licking County Court of Common Pleas. Defendant-appellee is Trevor Teagarden.

**FACTS AND PROCEDURAL HISTORY**

{¶2} A statement of the facts underlying appellee's criminal convictions is not necessary to our resolution of this appeal. Appellee's criminal convictions arise from sex offenses committed on June 29, 2007 against victims aged 10 and 12. The following procedural history is taken in part from our decisions in *State v. Teagarden*, 5th Dist. Licking No. 14-CA-56, 2015-Ohio-2563 [*Teagarden III* ], *State v. Teagarden*, 5th Dist. Licking No. 15-CA-66, 2016-Ohio-3446, *cause dismissed,* 146 Ohio St.3d 1495, 2016-Ohio-5680, 57 N.E.3d 1174, and *appeal not allowed,* 147 Ohio St.3d 1445, 2016-Ohio-7854, 63 N.E.3d 1215 [*Teagarden IV* ], and *State v. Teagarden,* 5th Dist. Licking No. 17-CA-96, 2018-Ohio-3767, *appeal not allowed,* 154 Ohio St.3d 1481, 2019-Ohio-173, 114 N.E.3d 1208 [*Teagarden V*].

{¶3} On July 9, 2007, appellee was charged by indictment with one count of rape of a minor under the age of 13 in violation of R.C. 2907.02(A)(1)(b) [Count I], three counts of gross sexual imposition with a child victim under the age of 13 in violation of R.C. 2907.05(A)(4) [Counts II, III, and IV], and one count of attempted gross sexual imposition with a child victim under the age of 13 in violation of R.C. 2923.02(A) and R.C. 2907.05(A)(4) [Count V]. Upon bench trial appellant was found guilty upon Counts I through IV and not guilty upon Count V.

### The Original Sentencing: March 10, 2008

{¶4} The court sentenced appellee to seven years on Count I and two years each on Counts II, III, and IV. The two-year terms on Counts II through IV were to be served concurrently but consecutive to the seven-year term on Count I.

{¶5} Appellee filed a direct appeal from his convictions and sentence in *State v. Teagarden,* 5th Dist. Licking No. 08–CA–39, 2008–Ohio–6986 [*Teagarden I*], *appeal not allowed*, 121 Ohio St.3d 1501, 2009–Ohio–2511, 907 N.E.2d 325, and *habeas corpus dismissed, Teagarden v. Warden, Madison Correctional Inst.,* S.D.Ohio No. 2:10–CV–495, 2011 WL 2160466, *1 (June 1, 2011), raising 12 assignments of error. We overruled all but the twelfth assignment of error in which appellee argued the counts of rape and gross sexual imposition should have merged for sentencing. We agreed in part and found Counts III and IV should have merged with Count I, but Count II was committed with separate animus and therefore did not merge. *Teagarden I,* supra, 2008–Ohio–6986, at ¶ 178. We remanded the case to the trial court for resentencing.

### The First Re–Sentencing: February 9, 2009

{¶6} On February 9, 2009, the trial court resentenced appellee to an aggregate term of 7 years on Count I and 3 years each on Counts II and III. Counts II and III were concurrent with each other but consecutive to Count I. (The trial court found Count IV merged with Count III.)

{¶7} No appeal was filed from the Judgment Entry of February 9, 2009.

{¶8} On September 25, 2013, appellant state of Ohio filed an amended motion to correct the judgment entry in accord with our opinion, arguing the trial court should have sentenced appellant to "seven years on [Count I] and three years on [Count II] with

those terms to be consecutive to one another. There should have been no sentence imposed on counts three and four as those offenses merge with [**Count I**]." (Emphasis in original.) The state also filed a motion pursuant to *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332 asking the trial court to resentence to properly impose post-release control. Appellee responded with motions in opposition and also filed a motion to vacate allied offenses of similar import, arguing Counts II, III, and IV should merge with Count I.

{¶9} On November 25, 2013, appellee filed a motion for new trial premised upon alleged defects with the trial transcript.

### The Second Re–Sentencing Hearing: November 26, 2013

{¶10} On November 26, 2013, the trial court held another resentencing hearing. The trial court found Counts III and IV merged with Count I. The state elected to sentence on Count I and the trial court sentenced appellee to an aggregate term of 10 years: 7 years on Count I consecutive to 3 years on Count II.

{¶11} Appellee appealed from the November 26, 2013 Judgment Entry and raised two assignments of error: 1) the trial court erred in failing to conduct a de novo sentencing hearing upon the allied-offenses remand; and 2) the trial court erred in imposing consecutive prison terms. This appeal was filed as *State v. Teagarden,* 5th Dist. Licking No. 13CA0125 [*Teagarden II*].

{¶12} On April 29, 2014, in this Court, the parties filed a "Joint Motion to Stay and Remand this Case for Resentencing of Defendant–Appellate (*sic*)" stating in pertinent part: "* * * *. [A]ll issues raised in this case concern the proper sentence for [appellee].

The undersigned are in agreement that the [appellee] should be resentenced once again to ensure the lawfulness of his sentence. * * * *."

{¶13} Also on April 29, 2014, in the trial court, the parties filed a "*Joint* Motion to Amend Indictment and Documentation of Related Agreements to End Further Litigation" (emphasis in original), moving the trial court to amend Count I to a count of "attempted rape" as part of a "global resolution" of the underlying criminal case and a second criminal case, Licking County Court of Common Pleas case number 07–CR–739. The motion avers the state of Ohio discovered the sentence on Count I was invalid because appellee should have received an indefinite term of 10 years to life. Therefore, the state consented to amend Count I to "attempted rape" to avoid the mandatory sentence and permit the 7–year sentence instead. Attached to the motion is a detailed "Agreement" of the parties stating the specific terms of the sentence, including, e.g., a resulting sentence of seven years on Count I consecutive with three years on Count II. Counts III and IV merge into Count I. The Agreement further states that in return for the agreed-upon sentence, appellee would not initiate any further litigation related to either criminal case.

{¶14} We issued a Judgment Entry on May 12, 2014 stating in pertinent part: "* * * * [T]his case is hereby stayed and remanded to the trial court for the purpose of resolving pending issues on or before May 30, 2014."

### The Third Re–Sentencing Hearing: May 20, 2014

{¶15} The trial court held a resentencing hearing on May 20, 2014, resulting in a Judgment Entry of May 23, 2014, stating by agreement of the parties, Count I is amended to "Attempted Rape" with no cited section number; "Counts III and IV merge with Count I for sentencing purposes, and [appellee] elected to proceed with sentencing on Count I."

Appellee was sentenced to a prison term of 7 years on Count I consecutive to a term of 3 years on Count II. The parties' "Agreement" is appended to the Judgment Entry.

{¶16} *Teagarden II* was then dismissed by Judgment Entry on May 27, 2014.

{¶17} Appellee appealed the May 23, 2014 resentencing, arguing the court erred in its three attempts to resentence him pursuant to the mandates of *Teagarden I.* We agreed, finding the trial court lacked jurisdiction to exceed the scope of the remand, and therefore could not amend the conviction on Count I in the third attempt at resentencing. *State v. Teagarden,* 5th Dist. Licking No. 14–CA–56, 2015–Ohio–2563 *(Teagarden III).* Because we had affirmed the original conviction for rape, we concluded that all post-*Teagarden I* litigation related to resentencing was void, including the attempt to amend Count I to attempted rape. *Id.* at ¶ 26. We further rejected appellee's argument that double jeopardy barred resentencing, even if appellee received a greater sentence on remand, recognizing that the sentence for rape was void because it did not comply with R.C. 2907.02(A)(1)(b) *et seq. Id.* at ¶ 28, 31.

{¶18} Our remand ordered the trial court to conduct a new sentencing hearing at which the trial court must accept the state's choice among allied offenses, merge the crimes into a single conviction for sentencing, and impose a sentence that is appropriate for the merged offenses. *Id.* at ¶ 33.

### The Fourth Re-Sentencing Hearing: July 23, 2015

{¶19} The trial court conducted the resentencing hearing on July 23, 2015. The state elected to proceed with sentencing on the rape charge on Count I, rather than on either of the gross sexual imposition charges in Counts III and IV. By entry dated August 11, 2015, the court sentenced appellee to the statutorily-mandated term of ten years to

life pursuant to the former R.C. 2971.03(B)(1)(a). The court noted that the conviction and sentence on Count II was unaffected or altered based on our remand order, and the sentence therefore remained three years, to be served consecutively to Count I, as previously imposed and affirmed.

{¶20} Appellee appealed from the resentencing of July 23, 2015, arguing double jeopardy prevented an increased sentence, the trial court failed to make the required findings for consecutive sentences, and the trial court should have merged Counts I and II. We disagreed in *Teagarden IV* and affirmed the convictions and sentence on June 13, 2016.

{¶21} The Ohio Supreme Court disallowed an appeal from that decision as cited supra. 146 Ohio St.3d 1495, 2016-Ohio-5680, 57 N.E.3d 1174, and *appeal not allowed,* 147 Ohio St.3d 1445, 2016-Ohio-7854, 63 N.E.3d 1215.

{¶22} On August 28, 2017, appellee filed a "Motion to Vacate Sentence Imposed pursuant to R.C. 2971.03" in the trial court. Appellee argued the trial court's imposition of the sentence of 10 years to life upon Count I was void pursuant to R.C. 5145.01. The trial court overruled the motion on November 21, 2017.

{¶23} Appellee appealed from the trial court's Judgment Entry of November 21, 2017, arguing his sentence was void pursuant to R.C. 5145.01. By "sentence," appellee referred to the sentence imposed on July 23, 2015. He directly appealed from that re-sentencing hearing, and we overruled his arguments and affirmed the convictions and sentence. See, *Teagarden IV*, supra. That decision became final when the Ohio Supreme Court declined jurisdiction.

{¶24} We concluded appellee's sentence was not void; the new arguments were precluded by res judicata and failed on the merits. *Teagarden V*, supra, 2018-Ohio-3767, ¶ 44. As noted supra, appellee's appeal from that decision was not accepted. 154 Ohio St.3d 1481, 2019-Ohio-173, 114 N.E.3d 1208.

## Litigation underlying the instant appeal

{¶25} On May 12, 2022, appellee filed "Defendant's Motion to Reinstate Sentence," arguing that the trial court must reinstate the sentence of February 9, 2009, on the basis of *State v. Henderson,* 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. The state responded with a memorandum in opposition on September 6, 2022. Appellee replied on September 13, 2022. The trial court scheduled the matter for an oral motion hearing on November 18, 2022.

{¶26} On November 18, 2022, the trial court filed an "Order Granting Defendant's Motion to Reinstate Sentence and Order to Release," stating in pertinent part:

> * * * *.
>
> The Court finds that *Henderson* is controlling and requires the Court to reinstate the original sentence imposed on the Defendant in 2009. Therefore, the Court imposed the following sentence.
>
> On February 22, 2008, a Trial to the Court was held and the Court rendered a verdict of guilty beyond a reasonable doubt of the following charges:

| Count/Specification | Offense/Specification | ORC Section | Degree |
|:---:|:---:|:---:|:---:|
| 1 | Rape | 2907.02(A)(1)(b) | F-1 |
| 2 | Gross Sexual Imposition | 2907.04(A)(4) | F-3 |

| 3 | Gross Sexual Imposition | 2907.04(A)(4) | F-3 |
|---|---|---|---|
| 4 | Gross Sexual Imposition | 2907.04(A)(4) | F-3 |

After sentence was initially imposed on March 10, 2008, the Fifth District remanded the case on direct appeal after it concluded that Counts 3 and 4 should have merged with Count 1. On February 9, 2009, the Court resentenced the Defendant to an aggregate sentence of seven (7) years on Count 1, and three (3) years on Counts 2 and 3. Counts 2 and 3 were concurrent with each other but consecutive to Count 1 for an aggregate prison sentence of ten (10) years. Neither the State nor the Defendant appealed this sentence. It is this sentence which the State is required to reimpose under *Henderson*.

### I. Prison (R.C. 2929.14)

The Defendant is ordered to serve a prison term as set forth below:

Counts 3 and 4 merge for sentencing purposes, and the State elected to proceed with sentencing on Count 3.

Count 1      seven (7) years;

Count 2      three (3) years;

Count 3      three (3) years;

Count 4      N/A.

The prison terms on Counts 2 and 3 shall be served concurrently to each other and consecutively to Count 1, for a total stated prison term of ten (10) years. Because the entirety of this sentence has been served, the Defendant is ordered to be released on this case.

* * * *. (Emphasis in original.)

{¶27} Appellant state of Ohio now appeals from the trial court's judgment entry of November 18, 2022. We note that on November 21, 2022, we granted appellant's motion for a stay of the trial court's judgment entry. On December 12, 2022, we denied appellee's motion for bail pending appeal.

{¶28} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶29} "THE TRIAL COURT ERRED IN ALLOWING A COLLATERAL ATTACK ON A VALID 2015 SENTENCE."

**ANALYSIS**

{¶30} In its sole assignment of error, appellant argues the trial court erred in reinstating appellee's sentence of February 9, 2009. We agree.

{¶31} This case involves application of the Ohio Supreme Court's rulings in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, but not as argued by appellee. The flaw in appellee's reasoning is that the triggering event of the analysis is his own "Motion to Reinstate Sentence" of May 2022, not appellant's 2013 motion to

correct the judgment entry. Appellant's motion to reinstate sentence is barred by res judicata, a conclusion supported by the cases he cites.

{¶32} None of the issues raised in the instant appeal are novel to this case. In 2013, appellant filed a "motion to correct sentence." That motion and ensuing litigation are long since final, as is appellee's 2015 sentence. We have addressed the convictions and sentence(s) in myriad ways. Even if the 2015 sentence contained some flaw, it is final. Unless it is vacated on appeal, a voidable judgment has the force of a valid legal judgment, regardless of whether it is right or wrong. *State v. Henderson*, supra, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 17, citing *Tari v. State*, 117 Ohio St. 481, 498, 159 N.E. 594 (1927). Appellee and the trial court seized upon appellant's 2013 motion to correct sentence as a flaw inherent in the proceedings, but the Motion to Reinstate Sentence is the impermissible collateral attack.

{¶33} In *Harper*, the Ohio Supreme Court "realigned" its void versus voidable jurisprudence and held that "when a case is within the court's subject matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing post-release control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal." 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. The Supreme Court reaffirmed its position in *Henderson*, specifically stating that *Harper* applied to cases in which a trial court deviates from a statutory mandate, not just cases involving the imposition of post-release control. *Id.* The Court stated it was time to return to a "clear, traditional" understanding of what constitutes a void sentence in order to "remove confusion" and "restore predictability and finality to trial court judgments and criminal sentences." *State*

*v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. Thus, "a judgment or sentence is void only if it is rendered by a court that lacks subject matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of jurisdiction is voidable." *Id.*

{¶34} In the instant case, appellee is serving the sentence imposed on July 23, 2015. Appellee challenged that sentence upon direct appeal; we affirmed the convictions and sentence on June 13, 2016. *State v. Teagarden*, 5th Dist. Licking No. 15-CA-66, 2016-Ohio-3446, *cause dismissed,* 146 Ohio St.3d 1495, 2016-Ohio-5680, 57 N.E.3d 1174, and *appeal not allowed,* 147 Ohio St.3d 1445, 2016-Ohio-7854, 63 N.E.3d 1215 [*Teagarden IV*]. Appellant's appeal of the 2015 sentence is final.

{¶35} The instant litigation was initiated by appellant's "Motion to Reinstate Sentence" of May 12, 2022. That motion was a collateral attack on a voidable judgment. Pursuant to *Henderson* and *Harper*, supra, the sentence was voidable, not void; appellant appealed the conviction and sentence; that appeal is now final; the matters raised in the motion to reinstate the 2009 sentence are barred by res judicata. See, *State v. Christy*, 5th Dist. Fairfield No. 20-CA-29, 2021-Ohio-1470, appeal not allowed, 164 Ohio St.3d 1405, 2021-Ohio-2742, 172 N.E.3d 162 [unauthorized sentence voidable, not void; argument in appellant's motion to vacate sentence barred by res judicata]

{¶36} As the Supreme Court stated in *Henderson*, "a voidable judgment has the force of a valid legal judgment, regardless of whether it was right or wrong. The failure to timely – at the earliest opportunity – assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." 161 Ohio St.3d

285, 2020-Ohio-4784, 162 N.E.3d 776. "Sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." *Id.* at ¶ 1. Further, in *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608, the Ohio Supreme Court again applied *Harper* in holding that res judicata barred an argument regarding a sentencing error in a conviction that became final more than a decade before *Harper* was issued. *Id.* at ¶ 5, 8, 9, 19.

{¶37} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St. 2d 175, 176, 226 N.E.2d 104 (1967).

{¶38} A voidable conviction or sentence may only be challenged on direct appeal, and res judicata bars later attempts to make arguments that could have been raised on direct appeal. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 17, 19. A void conviction or sentence may be challenged at any time, including after the conviction or sentence has become final. *See Harper*, 2020-Ohio-2913, 159 N.E.3d 248 at ¶ 18.

{¶39} We conclude the trial court possessed subject-matter jurisdiction over appellant's case and personal jurisdiction over appellant. *State v. Robey*, 5th Dist. Fairfield No. 2021-CA-00010, 2021-Ohio-3884, ¶ 28, citing *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, quoting *Smith v. Sheldon*, 157 Ohio St.3d

1, 2019-Ohio-1677, 131 N.E.3d 1 (stating that "a common pleas court has subject-matter jurisdiction over felony cases"); *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, citing *Tari v. State*, 117 Ohio St. 481, 159 N.E. 594 (1927) (noting that "[i]n a criminal matters, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge"). Accordingly, any error in the exercise of the trial court's jurisdiction rendered appellant's sentence voidable, not void. *State v. Thompson*, 10th Dist. Franklin No. 19AP-359, 2020-Ohio-6756.

{¶40} Appellant challenged the 2015 sentence on direct appeal which is now final. As appellant's sentence was voidable, res judicata bars appellant's claims in the present appeal. *Robey*, supra, 2021-Ohio-3884, at ¶ 29; see also, *State v. Johnpillai*, 5th Dist. Licking No. 2022 CA 00077, 2023-Ohio-37, ¶ 12 [when a sentencing court has jurisdiction to act, sentencing errors render the sentence "voidable, not void, and [the sentence] is not subject to collateral attack"].

{¶41} In the instant case, appellee had a full and fair opportunity to challenge the voidable sentence on direct appeal. *State v. Battigaglia*, 5th Dist. Stark No. 2020 CA 00144, 2021-Ohio-1651, ¶ 21. Because any alleged error in the 2015 sentence rendered the sentence voidable, appellee's attempt to correct the error in a post-conviction motion is improper. *Id.*; see also, *State v. Spicer*, 5th Dist. Perry No. 20CA00013, 2021-Ohio-386; *State v. Mason*, 5th Dist. Ashland No. 2020CA00023, 2020-Ohio-6895.

{¶42} Appellant's sole assignment of error is sustained. The trial court's decision granting appellee's motion to reinstate sentence is reversed.

**CONCLUSION**

{¶43} The sole assignment of error is sustained, the judgment of the Licking County Court of Common Pleas is reversed, and the matter is remanded to the trial court for further proceedings.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.